Daniel W. Bower, ISB #7204
MORRIS BOWER & HAWS PLLC
1305 12th Ave. Rd.
Nampa, Idaho 83686
Telephone:  (208) 345-3333
Facsimile:   (208) 345-4461
dbower@morrisbowerhaws.com

Monte Neil Stewart, ISB #8129
11000 Cherwell Court
Las Vegas, Nevada 89144
monteneilstewart@gmail.com

*Attorneys for Intervenors-Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cv-00329-BLW |
| Plaintiff, | **IDAHO LEGISLATURE'S [PROPOSED] ANSWER** |
| v. | |
| THE STATE OF IDAHO, | |
| Defendant. | |

This is the Answer of Intervenor-Defendants Speaker of the Idaho House of Representatives Scott Bedke, Idaho Senate President Pro Tempore Chuck Winder, and the Sixty-Sixth Idaho Legislature (collectively the "Legislature") to the United States'

Complaint. This Answer's numbered paragraphs correspond to the numbered paragraphs of that Complaint.

1. The Legislature cannot answer the first sentence because the referenced "federal law" is not identified, and therefore the Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegation. EMTALA speaks for itself as to its content, and partial quotations therefrom and attempted paraphrases thereof are not a fit subject for admission or denial, and on that basis, the Legislature denies such, and further denies the remaining allegations.

2. The Legislature cannot answer because the referenced "a state" is not identified, and therefore the Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations.

3. Denies.

4. Idaho Code § 18-622 ("Statute") speaks for itself as to its content, and attempted paraphrases thereof are not a fit subject for admission or denial, and on that basis, the Legislature denies all such paraphrases and further denies the remaining allegations.

5. The Legislature denies that EMTALA properly preempts the Statute and otherwise denies.

6. Admits.

7. Admits.

8. Admits.

9.  The Legislature denies that any claim for relief has arisen and therefore denies the remaining allegations.

10. Admits.

11. The Legislature admits that Idaho is a state, cannot understand the Complaint's peculiar and ambiguous use of "includes," and therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations.

12. The Supremacy Clause speaks for itself as to its content, which is therefore not a fit subject for admission or denial.

13. The cited cases speak for themselves as to their content, which is therefore not a fit subject for admission or denial. The Legislature otherwise denies.

14. Admits.

15. Admits.

16. To the extent that this allegation is a paraphrase of EMTALA, it is not a fit subject for admission or denial. The Legislature otherwise denies.

17. To the extent that this allegation contains quotations from or paraphrases of EMTALA, it is not a fit subject for admission or denial. The Legislature otherwise denies.

18. To the extent that this allegation contains quotations from or paraphrases of EMTALA, it is not a fit subject for admission or denial. The Legislature otherwise denies.

19. To the extent that this allegation contains a partial quotation from EMTALA, it is not a fit subject for admission or denial. The Legislature otherwise denies.

20. To the extent that this allegation contains a partial quotation from EMTALA, it is not a fit subject for admission or denial. The Legislature otherwise denies.

21. To the extent that this allegation contains a partial quotation from EMTALA, it is not a fit subject for admission or denial. The Legislature otherwise denies.

22. To the extent that this allegation contains a partial quotation from EMTALA, it is not a fit subject for admission or denial. The Legislature otherwise denies.

23. Because EMTALA "requires" both more and less than is alleged, the Legislature denies.

24. Denies.

25. To the extent that this allegation contains a partial quotation from EMTALA, it is not a fit subject for admission or denial. The Legislature otherwise denies.

26. The Legislature admits that the Statute was enacted in 2020 and will take effect on August 25, 2022, and otherwise denies.

27. To the extent that this allegation contains a partial quotation from the Statute, it is not a fit subject for admission or denial. The Legislature otherwise denies.

28. To the extent that this allegation contains a partial quotation from the Statute, it is not a fit subject for admission or denial. The Legislature otherwise denies.

29. To the extent that this allegation contains a partial quotation from the Statute, it is not a fit subject for admission or denial. The Legislature otherwise denies.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. To the extent that this allegation contains a partial quotation from the Statute, it is not a fit subject for admission or denial. The Legislature otherwise denies.

35. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations.

36. Denies.

37. To the extent that this allegation contains a partial quotation from EMTALA, it is not a fit subject for admission or denial. The Legislature otherwise denies.

38. Denies.

39. Admits.

40. The Governor's press release speaks for itself as to its contents and is there not a fit subject of admission or denial. The Legislature otherwise denies.

41. The Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations.

42. Denies.

43. Denies.

44. Denies.

45. Denies.

46. Denies.

47. Denies.

48. Congressional intent, like the language of a statute itself, is not a fit subject of admission or denial. The Legislature otherwise denies.

49. As to the United States' "interest," payments, conditions, "bargain," the Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations and otherwise denies.

50. Denies.

51. Denies.

52. As to the number of hospitals, the Legislature lacks knowledge or information sufficient to form a belief about the truth of the allegations and otherwise denies.

53. Denies.

54. Denies.

55. The Legislature incorporates here all prior paragraphs.

56. The Supremacy Clause speaks for itself as to its content, which is therefore not a fit subject for admission or denial.

57. To the extent that this allegation contains a partial quotation from EMTALA, it is not a fit subject for admission or denial. The Legislature otherwise denies.

58. Denies.

59. Denies.

**Additional Defenses**

A.  The Complaint fails to state a claim upon which relief can be granted.

B.  Because of the level of emergency-room abortions in Idaho, there is no basis for injunctive relief.

C.  Because of the level of emergency-room abortions in Idaho, the Complaint's prayer for a declaratory judgment is nothing other than a request for an advisory opinion; this civil action does not qualify as an Article III case or controversy and, thus, this Court has no jurisdiction over it, except to dismiss it.

D.  The Legislature reserves the right to add additional defenses as time and information warrant. This Answer was drafted under extreme time pressures.

**Prayer**

The Legislature prays that this Court enter a final judgment (i) dismissing this civil action in its entirety with prejudice; (ii) awarding the Legislature its costs, expenses, and attorney's fees incurred in defending this civil action; and (iii) granting such other and further relief as may be just and proper in all the circumstances.

Dated this _____ day of August, 2022.

MORRIS BOWER & HAWS PLLC

By: _____
      Daniel W. Bower

_____
Monte Neil Stewart

*Attorneys for Intervenors-Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this _____ day of August, 2022, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian David Netter
DOJ-Civ
Civil Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530

☐ U.S. Mail
☐ Hand Delivered
☐ Facsimile:
☒ ECF Email: brian.netter@usdoj.gov

*Attorneys for Plaintiff*

Daniel Schwei
DOJ-Civ
Federal Programs Branch
1100 L Street, N.W., Ste. 11532
Washington, D.C. 20530

☐ U.S. Mail
☐ Hand Delivered
☐ Facsimile:
☒ ECF Email: daniel.s.schwei@usdoj.gov

*Attorneys for Plaintiff*

Julie Straus Harris
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20530

☐ U.S. Mail
☐ Hand Delivered
☐ Facsimile:
☒ ECF Email: julie.strausharris@usdoj.gov

*Attorneys for Plaintiff*

Lisa Newman
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005

☐ U.S. Mail
☐ Hand Delivered
☐ Facsimile:
☒ ECF Email: lisa.n.newman@usdoj.gov

*Attorneys for Plaintiff*

Anna Lynn Deffebach
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L Street, N.W., Ste. 12104
Washington, D.C. 20005

☐ U.S. Mail
☐ Hand Delivered
☐ Facsimile:
☒ ECF Email: anna.l.deffebach@usdoj.gov

*Attorneys for Plaintiff*

IDAHO LEGISLATURE'S [PROPOSED] ANSWER - 8

Christopher A. Eiswerth ☐ U.S. Mail
DOJ-Civ ☐ Hand Delivered
Federal Programs Branch ☐ Facsimile:
1100 L Street, N.W., Ste. 12310 ☒ ECF Email:
Washington, D.C. 20005 christopher.a.eiswerth@usdoj.gov

*Attorneys for Plaintiff*

Emily Nestler ☐ U.S. Mail
DOJ-Civ ☐ Hand Delivered
1100 L Street ☐ Facsimile:
Washington, D.C. 20005 ☒ ECF Email: emily.b.nestler@usdoj.gov

*Attorneys for Plaintiff*

Lawrence G. Wasden ☐ U.S. Mail
Attorney General ☐ Hand Delivered
 ☐ Facsimile: (208) 334-2400
Steven L. Olsen ☒ ECF Email:  steven.olsen@ag.idaho.gov
Chief of Civil Litigation megan.larrondo@ag.idaho.gov
Megan A. Larrondo dayton.reed@ag.idaho.gov
Dayton P. Reed ingrid.batey@ag.idaho.gov
Ingrid C. Batey
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID 83720-0010

*Attorneys for Defendant*

_____
Daniel W. Bower