BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIAN D. NETTER
Deputy Assistant Attorney General
JOSHUA REVESZ
Counsel, Office of the Assistant Attorney General
ALEXANDER K. HAAS
Director, Federal Programs Branch
DANIEL SCHWEI
Special Counsel
**ANNA DEFFEBACH (DC Bar # 241346)**
LISA NEWMAN
EMILY NESTLER
CHRISTOPHER A. EISWERTH
Trial Attorneys
JULIE STRAUS HARRIS
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 993-5182
anna.l.deffebach@usdoj.gov

*Counsel for Plaintiff*
United States of America

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF IDAHO, <br><br> Defendant. | Case No. 1:22-cv-329-BLW <br><br> **UNITED STATES' RESPONSE TO THE IDAHO LEGISLATURE'S MOTION TO INTERVENE [Dkt. 15]** |

**Table of Contents**

INTRODUCTION ................................................................................................................................1

BACKGROUND .................................................................................................................................1

LEGAL STANDARD .........................................................................................................................2

ARGUMENT .......................................................................................................................................3

I.  The Court Should Deny The Legislature's Motion to Intervene As Of Right ..........................3

   A.  The Legislature Has Not Identified A Sufficient Interest In Defending Idaho Code § 18-622. ........................................................................................................3

   B.  The Legislature's Interests Are Adequately Represented By The State of Idaho ...................................................................................................................5

II. The Court Should Deny The Legislature's Motion For Permissive Intervention ......................7

III. If The Court Grants The Legislature's Motion To Intervene, It Should Mitigate The Prejudice to the United States ...........................................................................................8

CONCLUSION ....................................................................................................................................9

## INTRODUCTION

The United States does not oppose the Idaho Legislature's participation in this case as an *amicus curiae*, nor does the United States oppose Defendant, the State of Idaho, ceding some of its oral argument time to the Legislature if the State of Idaho wishes to do so. But the United States opposes the Legislature's motion to intervene in this case as a party. *See* Dkt. 15, Motion to Intervene. The Legislature is not entitled to intervene as of right, and this Court should not exercise its discretion to allow the Legislature permissive intervention. *See* Fed. R. Civ. P. 24(a), (b). The Legislature does not possess a protectable interest apart from the State of Idaho itself, and, at any rate, the Legislature's purported interests are adequately represented by the State of Idaho's participation in this litigation through the Attorney General's Office. The Legislature has not identified any divergence between its interests and the interests of the State of Idaho in this case, and it has not provided any justification that its intervention would aid the Court's decision in this case. Furthermore, allowing the Legislature to intervene would prejudice the United States under the agreed-upon briefing schedule unless the Court takes steps to mitigate the prejudice. The Legislature's motion should be denied.

If the Court is nonetheless inclined to grant the motion, the Court should order the Legislature and the Attorney General's Office to collectively file responses totaling no more than 20 pages. If the Court allows both the Legislature and the Attorney General's Office to file 20-page responses, the United States respectfully requests that the Court direct the defendants to file their response briefs on August 15 to allow the United States adequate time to reply to two response briefs. The Court should also afford the United States 20 pages for its reply brief.

## BACKGROUND

The United States filed this case on August 2, 2022, challenging the constitutionality of Idaho Code § 18-622. *See* Dkt. 1, Compl. The Complaint names a single defendant: the State of Idaho. *Id.* ¶ 11. The United States served the State of Idaho, Dkt. 6, and subsequently conferred with attorneys

1

from the Idaho Attorney General's Office to reach an agreement on a proposed briefing schedule, Dkt. 13 (Scheduling Order). The schedule agreed to by the parties, and which the Court subsequently adopted, provided for the United States to file its Motion for a Preliminary Injunction on August 8, the State of Idaho to file its Response in Opposition on August 16, and the United States to file its Reply on August 19 by noon Mountain Standard Time. *Id.* The Court further scheduled a hearing on the Motion for August 22. *Id.*

Shortly before the United States filed its Motion for a Preliminary Injunction, on the evening of August 8, the Legislature moved to intervene as an intervenor-defendant pursuant to Rule 24(a) or Rule 24(b). Dkt. 15.[1] The Legislature seeks to intervene on the ground that, under Idaho law and the Federal Rules of Civil Procedure, the Legislature is entitled to intervene as of right in any actions challenging the constitutionality of a state law. Dkt. 15-1 at 8 (referencing Idaho Code § 67-465). The Legislature further requested that, if denied the opportunity to intervene, it should be permitted to file an *amicus curiae* brief and participate in the August 22 hearing.

## LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to intervene as of right under Rule 24(a) and permissively under Rule 24(b). *Cooper v. Newsom*, 13 F.4th 857, 864 (9th Cir. 2021) *reh'g en banc denied*, 26 F.4th 1104 (9th Cir. 2022), *pet. for cert. docketed*, No. 21-1512 (June 2, 2022). Rule 24(a) permits intervention as a matter of right "when an applicant: (i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) (citing Fed. R. Civ. P. 24(a)(2)). "In evaluating whether these requirements are met, courts 'are guided

---

[1] Despite conferring with the State of Idaho prior to filing its motion, *see* Dkt. 15 at 3, the Legislature did not ask the United States for its position on the motion prior to filing.

2

primarily by practical and equitable considerations." *Callahan v. Brookdale Senior Living Cmty., Inc.*, --- F.4th ---, 2022 WL 3016027, at *5 (9th Cir. June 29, 2022) (citation omitted). "Failure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). An applicant seeking intervention bears the burden of proving that these requirements are met. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

When ruling on a motion for permissive intervention under Rule 24(b), a district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (quoting Fed. R. Civ. P. 24(b)). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Cooper*, 13 F.4th at 868.

## ARGUMENT

### I. The Court Should Deny The Legislature's Motion to Intervene As Of Right

The Legislature has failed to carry its burden of demonstrating both that it "has a significantly protectable interest related to the subject of the action" and that its interest "will not be adequately represented by existing parties." *Oakland*, 960 F.3d at 620. Rule 24(a)(2) intervention should accordingly be denied.

#### A. The Legislature Has Not Identified A Sufficient Interest In Defending Idaho Code § 18-622.

For a party to intervene as of right, it "must establish" that it has an interest that "is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use*, 647 F.3d at 897. Here, the Legislature contends that the Supreme Court's decision in *Berger v. North Carolina State Conference of the NAACP*, 142 S. Ct. 2191 (2022), justifies intervention, because the Idaho Legislature has enacted a statute authorizing the Legislature to intervene, just as the North Carolina legislature did in *Berger*. *See* Dkt. 15-1 at 7-11. Contrary to the

Legislature's claims, however, *Berger* does not compel this Court to allow the Legislature to intervene in this case, nor does the Legislature have sufficient protectable interest to justify such intervention.

The Supreme Court's decision in *Berger* arose from a challenge brought by private litigants against a state voter identification law. *Cf. Berger*, 142 S. Ct. at 2198. The suit named as defendants various Executive Branch officials—*i.e.*, the Governor and members of the State Board of Elections. *Id.* The North Carolina Attorney General represented those executive officials, even though "[m]ore than once a North Carolina attorney general has opposed laws enacted by the General Assembly and declined to defend them fully in federal litigation." *Id.* at 2197. Accordingly, the North Carolina legislature had enacted a law "empower[ing] the leaders of its two legislative houses to participate in litigation on the State's behalf under certain circumstances and with counsel of their own choosing." *Id.* Based on that state law, the Supreme Court held that the North Carolina legislature was entitled to intervene as of right. *See id.* at 2201-03.

*Berger* does not control here. Unlike *Berger*, the United States has brought suit against the State of Idaho—not particular officers of the State under the *Ex Parte Young* doctrine. *Cf.* 142 S. Ct. at 2201. By virtue of it being part of the State of Idaho itself, the Idaho Legislature is *already* a party. *Cf. id.* at 2203 (rejecting the argument that "the legislative leaders are already effectively 'existing' parties to this suit" because the plaintiff "has not sued the State"). The Idaho Legislature's participation and control over this litigation vis-à-vis attorneys in the Idaho Attorney General's Office is a matter of State law, to be worked out internally amongst those State officials. But it is not a reason for this Court to grant intervention, "adding" the Idaho Legislature as an additional party, when the State of Idaho (including the Legislature) is *already* a party to this case. And because the State of Idaho itself is the defendant, the practical concerns motivating *Berger* are not present here—there is no risk that the United States has "select[ed] as their defendants those individual officials [it] consider[s] most sympathetic to [its] cause or most inclined to settle favorably and quickly." *Id.* at 2201. Nor is there

any indication that the Attorney General's Office will offer anything but a robust defense of Idaho's law and represent the State's interests fully.

*Berger* is also distinguishable because Idaho law does not authorize the Legislature to represent the State's interests as North Carolina law expressly did. The North Carolina statute recognized that, when the State of North Carolina is named as a defendant, "both the General Assembly and the Governor constitute the State of North Carolina." N.C. Gen. Stat. § 1-72.2(a). Idaho law, in contrast, states that "it is the duty of the attorney general … [t]o perform all legal services for the state and to represent the state … in all courts." Idaho Code § 67-1401(1). While the Legislature points to Idaho Code § 67-465, *see* Dkt. 15 at 2, which states that "[w]hen a party to an action … challenges an Idaho statute as violating or being preempted by federal law … either or both houses of the legislature may intervene in the action as a matter of right," that procedural statute does not indicate that the Legislature has a substantive interest to intervene in federal court or is a necessary party for fully representing or speaking on behalf of *the State's* interests, apart from the Legislature's own interests. *Cf. Berger*, 142 S. Ct. at 2202 (discussing prior cases involving state laws authorizing legislative officials to speak *on behalf of the State*). Nor is it clear that the statute could do so consistent with the separation of powers in Idaho's Constitution. *See* Idaho Const. art. II § 1. The Legislature retains no cognizable right to enforce Idaho Code § 18-622, and absent a recognized right to defend the State's interest, it lacks an interest similar to that recognized in *Berger*. *Cf. Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951-53 (2019).

**B.     The Legislature's Interests Are Adequately Represented By The State of Idaho**

Whether a current party adequately represents the interests of the proposed intervenor depends on three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to

5

the proceeding that other parties would neglect." *Callahan*, 2022 WL 3016027, at *5 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). The Legislature has failed to demonstrate that any of these factors show the Attorney General's office is not adequately representing its interest in defending Idaho Code § 18-622. Intervention as of right should therefore also be denied for this independent reason.

The Legislature's interest in defending Idaho Code § 18-622 is coextensive with the State's general interest in continuing to enforce its statutes. Unlike in *Berger*, where the Attorney General's strategy was clearly divergent from what the Legislature preferred and seemed to prioritize stability over enforcement of the challenged law, *see* 142 S. Ct. at 2205, there is no reason here to doubt that the Idaho Attorney General's office will make every good-faith argument available to defend the State's law. Nor does the Legislature offer one. Indeed, the only conflicts the Legislature identifies between itself and the Attorney General's office involve the Idaho Supreme Court's original jurisdiction over other cases—a discrete issue of State law that will not arise in this federal case—and the Legislature's "paramount interest" in lifting a stay of the "implementation of the Heartbeat Act"— a statute not addressed in this suit. Dkt. 15-1 at 12-13. By contrast, the Legislature does not identify a single point of disagreement with the Attorney General's positions in this case. Absent some identifiable divergence in interests, there is no basis to conclude the current counsel for the State do not adequately represent the Legislature's interests. *See Oakland*, 960 F.3d at 620.

The Legislature likewise offers no reason to believe that the Attorney General's Office would not adequately represent the Legislature's supposedly "unique interest in an important issue of fact— the extent to which, if at all, Idaho emergency-room abortions occurred in this State" prior to the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). Dkt. 15-1 at 13. There is no indication that the Attorney General's Office would not assert every factual

defense.[2] And there is similarly no reason to doubt that the Attorney General's Office will adequately represent the Legislature's interests in any negotiations over the proper scope of injunctive relief. *Cf.* Dkt. 15-1 at 13. Indeed, the Attorney General's Office has refused to stay enforcement of Idaho Code § 18-622 pending this litigation. The Legislature's speculative assertions, at this point, are insufficient to justify intervention as of right.

\* \* \*

Because the Legislature has not identified a legally protectable interest that will be impaired absent intervention or shown that the Attorney General's office does not adequately represent its interests, intervention under Rule 24(a)(2) should be denied. The Legislature can adequately present whatever perspective it wishes to bring to this case through an *amicus curiae* filing, to which the United States does not object. Nor does the United States object to the Legislature participating in oral argument, should the Attorney General's office wish to cede it time.

## II. The Court Should Deny The Legislature's Motion For Permissive Intervention

The Court should similarly reject the Legislature's efforts to intervene under Rule 24(b) because the State of Idaho and the Attorney General's office adequately represent the Legislature's interests at this stage in the proceedings. Additionally, the Court should deny permissive intervention at this juncture because—contrary to the Legislature's contentions (Dkt. 15-1 at 16)—the Legislature's intervention would unduly prejudice the United States.

As discussed above, the Legislature is already a defendant in this action brought against the

---

[2] The United States has submitted evidence that physicians in Idaho have provided stabilizing care to pregnant patients, as required by EMTALA, that would qualify as "abortions" under Idaho Code § 18-622 and thus subject them to criminal liability if repeated after August 25, 2022. *See, e.g.*, Dr. Corrigan Decl. ¶¶ 16-18, Dkt. 17-6; Dr. Cooper Decl. ¶¶ 6-11, Dkt. 17-7; Dr. Seyb Decl. ¶¶ 7-12, Dkt. 17-8. The United States has also submitted evidence that such stabilizing care will almost certainly be necessary in the future to preserve pregnant patients' health and lives after August 25. *See, e.g.*, Dr. Fleisher Decl. ¶¶ 37-38, Dkt. 17-3; Dr. Corrigan Decl. ¶ 8, Dkt. 17-6; Dr. Seyb Decl. ¶ 6, Dkt. 17-8. The exact number of times that State law would preclude physicians from providing federally required care is irrelevant to whether Idaho Code § 18-622 is in conflict with EMTALA.

7

State of Idaho. The Legislature therefore lacks a distinct "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); Dkt. 15-1 at 15. Whatever claims or defenses the Idaho Legislature believes it possesses, those claims and defenses are entirely duplicative of the claims and defenses of the State of Idaho. And as discussed above, there is no reason to doubt that the State of Idaho, through attorneys in the Idaho Attorney General's Office, is fully capable of raising whatever claims and defenses might be available to the State.

On the other hand, granting intervention would prejudice the United States. The United States and the State of Idaho negotiated a briefing schedule under the assumption that they were the only Plaintiff and Defendant in this case. The briefing schedule in this case is extraordinarily expedited in light of the impending effective date of the challenged law. If the Court were to grant the Legislature's motion, the United States would need to respond to two opposition briefs of up to 20 pages each (plus an unknown number of factual submissions), but would, under the briefing schedule, have only two and a half days (and ten pages) to do so. Dkt. 13.

Adding an additional party without a distinct, identifiable interest needlessly complicates this fast-moving case. The Court should exercise its discretion and deny permissive intervention, at least at this preliminary juncture.

### III.    If The Court Grants The Legislature's Motion To Intervene, It Should Mitigate The Prejudice to the United States

When granting a motion for intervention, the Court has wide discretion to impose conditions on the circumstances of the intervention, in addition to the Court's inherent discretion to control its docket. *See Dep't of Fair Emp. & Hous.*, 642 F.3d at 741; Fed. R. Civ. P. 24 advisory committee's notes to the 1966 amendments (even intervention as of right under Rule 24(a) "may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings"). If the Court grants the Legislature's motion, the United States requests that the Court impose conditions on the timing and length of the filings in this case.

8

Specifically, if the Court grants the Legislature's intervention motion, both the State and the Legislature should be required to comply with the agreed-upon briefing schedule as originally understood—*i.e.*, collectively, they should be permitted to file only a combined 20-page opposition. Alternatively, if the Court is inclined to allow the State and the Legislature each to file a 20-page opposition (for a combined total of up to 40 pages), the United States respectfully believes the briefing schedule should be modified to reflect this new development. Specifically, the United States requests that if it must reply to two response briefs, it should be accorded additional time to do so and the State and the Legislature should be ordered to file their response briefs on Monday, August 15 (rather than Tuesday, August 16), thereby giving the United States an additional day to reply to the 40 pages of opposition from the State and the Legislature. Additionally, the United States requests that it be accorded an additional ten pages for its reply brief to respond to the arguments made in both responses. Finally, if the Court grants the Legislature's motion to intervene, the United States also believes it would be appropriate for the State of Idaho and the Legislature to share divided argument time at the August 22, 2022 hearing.

## CONCLUSION

For the foregoing reasons, the Court should deny the Legislature's Motion to Intervene.

Dated: August 10, 2022                                    Respectfully submitted,

| | |
|---|---|
| SAMUEL BAGENSTOS<br>General Counsel | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| PAUL R. RODRÍGUEZ<br>Deputy General Counsel | BRIAN D. NETTER<br>Deputy Assistant Attorney General |
| DAVID HOSKINS<br>Supervisory Litigation Attorney | JOSHUA REVESZ<br>Counsel, Office of the Assistant Attorney General |
| JESSICA BOWMAN<br>MELISSA HART<br>Attorneys | ALEXANDER K. HAAS<br>Director, Federal Programs Branch |

U.S. Department of Health & Human Servs.
200 Independence Ave., SW
Washington, DC 20201

DANIEL SCHWEI
Special Counsel

*/s/ Anna Deffebach*
ANNA DEFFEBACH (DC Bar # 241346)
LISA NEWMAN
EMILY NESTLER
CHRISTOPHER A. EISWERTH
Trial Attorneys

JULIE STRAUS HARRIS
Senior Trial Counsel

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 993-5182
anna.l.deffebach@usdoj.gov

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2022, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system and served the same via email, which caused the following parties or counsel to be served by electronic means.

Dayton Patrick Reed
Office of the Attorney General
PO Box 83720
Boise, ID 83720-0010
208-334-2400
Email: dayton.reed@ag.idaho.gov

Ingrid C Batey
Office of the Attorney General - Civil Litigation
954 W. Jefferson
Boise, ID 83720
208-697-9729
Email: ingrid.batey@ag.idaho.gov

Megan Ann Larrondo
Office of the Attorney General
954 W. Jefferson- Second Floor
Boise, ID 83720
208-332-3548
Email: megan.larrondo@ag.idaho.gov

Steven Lamar Olsen
Office of the Attorney General
POB 83720
Boise, ID 83720-0010
(208) 334-2400
Fax: (208) 854-8073
Email: steven.olsen@ag.idaho.gov

*Counsel for Defendant*

Monte N Stewart
11000 Cherwell Court
Las Vegas, NV 89144
Email: monteneilstewart@gmail.com

Daniel W. Bower
MORRIS BOWER & HAWS PLLC

1

12550 W. Explorer Dr. Suite 100
Boise, ID 83713
208-345-3333
Fax: 208-345-4461
Email: dbower@morrisbowerhaws.com

*Counsel for Speaker of the Idaho House of Representatives Scott Bedke, Idaho Senate President Pro Tempore Chuck Winder, and the Sixty-Sixth Idaho Legislature*


                                                */s/ Anna Deffebach*
                                                ANNA DEFFEBACH