

**U.S. Department of Justice**

Civil Division
Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005

---

Daniel Schwei                                                             Tel: 202-305-8693
Special Counsel                                                  daniel.s.schwei@usdoj.gov

The Honorable B. Lynn Winmill
United States District Court Judge

August 15, 2022

**VIA ECF**

Re:     *United States v. Idaho*, Case No. 1:22-cv-00329-BLW (D. Idaho)

Dear Judge Winmill:

Consistent with the status conference held earlier today, the United States hereby submits this letter brief explaining that live witness testimony is both unnecessary and unwarranted at the August 22 hearing. Specifically, the Ninth Circuit has consistently held that courts can and should decide preliminary-injunction motions on the written record, and there is no reason to depart from that approach here, particularly for an impractical and burdensome hearing as the Legislature suggests.

**I.     Ninth Circuit Precedent Confirms There is No Need for Live Witness Testimony**

The Ninth Circuit has consistently ruled that parties are not automatically entitled to present witness testimony at preliminary-injunction hearings. *See, e.g.*, *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter."); *Kennealy v. Lungren*, 967 F.2d 329, 334 (9th Cir. 1992) ("We do not indulge a presumption in favor of evidentiary hearings."); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d 541, 546 (9th Cir. 1969) ("[T]he rule in this circuit is that in a proceeding on . . . a preliminary injunction . . . the injunction may, in the discretion of the trial court, be granted or denied upon the affidavits."). Indeed, the Ninth Circuit expressly disfavors evidentiary hearings where the facts are complicated, or where such a hearing would be burdensome. *See, e.g.*, *Kennealy*, 967 F.2d at 334-35 ("If the facts are simple and little time would be taken, a court may be required to hold an evidentiary hearing on a motion for an injunction. However, we have rejected any presumption in favor of evidentiary hearings, especially if the facts are complicated." (modifications omitted)); *Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986) ("[A]n evidentiary hearing should not be held when the magnitude of the inquiry would make it impractical.").

The over-arching requirement is only that the adverse party have a meaningful opportunity to contest the preliminary-injunction motion, *see* Fed. R. Civ. P. 65(a) ("The court may issue a preliminary injunction only on notice to the adverse party."), and courts within this Circuit have consistently held that the absence of live testimony does not "unfairly deprive[]" a party "of the chance to show opposition to the issuance of a preliminary injunction." *Int'l Molders*, 799 F.2d at 555; *see also*, *e.g.*, *Walsh v. Ahern Rentals, Inc.*, No. 21-16124, 2022 WL 118636, at *1 (9th Cir. Jan. 12, 2022) ("In this circuit, a district court need not hold an evidentiary hearing before issuing a preliminary injunction—pleadings alone can constitute 'notice' for purposes of Federal Rule of Civil Procedure 65(a)."); *McGiboney v. Corizon*, 2020 WL 1666805, at *7 (D. Idaho Apr. 3, 2020) ("[T]his is not a case where one side to the controversy was denied the opportunity to be heard; rather, Defendants presented written argument, an affidavit, and pages of evidence to support their position."); *Fonseca v. Kaiser Permanente Med. Ctr. Roseville*, 222 F. Supp. 3d 850, 866 (E.D. Cal. 2016) ("Oral testimony is unnecessary, however, if the

parties had an adequate opportunity to submit written testimony and argue the matter.").

Here, there is no reason to depart from the general rule of deciding the preliminary-injunction motion on a written record. The Legislature's intervention has been "limited to allowing it to present evidence and argument aimed at 'showing the holes' in the factual foundation of the United States' motion." Dkt. 27 at 18. There is no need for live testimony for the Legislature to accomplish that purpose; the Legislature is free to highlight whatever "holes" they believe exist in the United States' declarations by making such arguments in their opposition brief or submitting their own declarations. Indeed, that is the usual way litigants highlight the absence of necessary factual information supporting a plaintiff's claim—not by calling witnesses for live testimony and cross-examining them about purported "holes" in their testimony. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (noting, in the summary judgment context, that a party may prevail "merely by 'showing'— that is, *pointing out through argument*—the absence of evidence to support plaintiff's claim" (emphasis added)); *see also, e.g., Assuredpartners of Nevada, LLC v. L/P Ins. Servs., LLC*, 2021 WL 4928458, at *3 (D. Nev. Oct. 21, 2021) (holding in the context of a preliminary-injunction hearing that "the Court need merely allow Plaintiff to argue from the written testimony—not depose the witnesses").

Moreover, the Legislature's contemplated hearing would be highly "impractical" given "the magnitude of the inquiry" they propose. *Int'l Molders*, 799 F.2d at 555. The United States has filed six declarations, the Legislature intends to file seven, and the State may also file an untold number. The Legislature proposes that each party be entitled to cross-examine any of those thirteen (or more) witnesses, which is far from the type of "simple" hearing for which "little time would be taken" that Ninth Circuit precedent contemplates. *Kenneally*, 967 F.2d at 334-35.

Finally, the Legislature contends that live testimony is necessary because their doctors' declarations will "directly conflict" with the testimony offered by the United States' doctors. To be sure, this case involves disputed *legal issues* about § 18-622 and the extent to which it conflicts with federal law. But it is far from clear what *factual* conflicts the Legislature believes exist, or what bearing, if any, they would have on the core legal questions. Indeed, the Legislature's overriding focus on so-called "Relevant Abortions" ignores that, under § 18-622, even life-saving medically necessary abortions would expose a physician to indictment and arrest, which is by itself an obstacle to EMTALA's purposes. And the key predicates to the Legislature's argument regarding "Relevant Abortions"—*i.e.*, the meaning of § 18-622, its affirmative defense, and the extent to which they overlap with EMTALA—are all *legal* questions not capable of resolution through factual testimony. Here, "even if some facts are in dispute," the "real problem involves the application of correct substantive law to those facts," which means that live testimony is unnecessary. *Int'l Molders*, 799 F.2d at 555.

## II.    At a Minimum, the Court Should Limit the Legislature's Use of Subpoenas

Even if the Court is inclined to allow *some* live testimony, the Court should not permit the Legislature to compel the United States' witnesses to testify. Such compelled attendance would require a Rule 45 subpoena, *see* Fed. R. Civ. P. 45(c)(1), but Rule 45 subpoenas are considered discovery devices, *see Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999), and discovery is not currently permitted. *See* Fed. R. Civ. P. 26(d)(1). Moreover, such subpoenas would be issued with only a short time for compliance, and may impose undue burdens on individual witnesses. *See* Fed. R. Civ. P. 45(d)(3)(A)(i), (iv). Rule 45's geographic limits—not allowing subpoenas for witnesses outside the state or not regularly within 100 miles of the hearing location, *see* Fed. R. Civ. P. 45(c)(1)— also apply regardless of whether testimony is by video. *See Singh v. Vanderbilt Univ. Med. Ctr.*, 2021 WL 3710442, at *3 (M.D. Tenn. Aug. 19, 2021). Thus, even if the Legislature is permitted some live testimony, that testimony should be limited to witnesses the Legislature is able to present voluntarily.

Respectfully submitted,

*/s/ Daniel Schwei*
Daniel Schwei
Special Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 305-8693
daniel.s.schwei@usdoj.gov