# M B & H
## MORRIS BOWER & HAWS PLLC

**12550 W. Explorer Drive, Suite 100, Boise, Idaho 83713**
**1305 12th Ave. Rd., Nampa, Idaho 83686**
Tel: (208) 345-3333 | Fax: (208) 345-4461

Daniel W. Bower
dbower@morrisbowerhaws.com

August 15, 2022

**Sent via ECF**

The Honorable B. Lynn Winmill
United States District Court Judge

**Re:** *United States v. State of Idaho*; Case No. 1:22-cv-329
Letter Brief of Intervenor-Defendant Idaho Legislature

Dear Judge Winmill:

Intervenor-Defendants ("Legislature") hereby submit the requested letter brief on this important issue: In the context of a motion for preliminary injunction, where the parties by competent but opposing declarations have created a genuine issue of fact material to the resolution of the motion, may the district court resolve the motion without resort to live testimony?

The declarations now being prepared—and to be timely filed—in opposition to the declarations of Doctors Cooper, Corrigan, Seyb, and Fleisher give rise to exactly that issue.

The Second, Third, Seventh, and Eleventh Circuits have answered that issue with a "no." Those circuits do so on the grounds that (i) the materiality of the disputed issue of fact requires that it must be resolved in order to correctly rule on the motion for preliminary injunction, (ii) the disputed material issue of fact cannot be resolved sensibly without credibility determinations, and (iii) a district court cannot properly make the necessary credibility determinations on the basis of only cold declarations. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312-13 (11th Cir. 1998); *Swiderek v. Cont'l Micro, Inc.*, 680 F.2d 37, 38 (7th Cir. 1981) ("If witnesses are not heard the trial court will be left in the position of preferring one piece of paper to another.") (citing *Sims v. Green*, 161 F.2d 87, 88 (3d Cir. 1947)). Thus, live testimony is required.

The Ninth Circuit, however, appears to have rejected this approach. *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986). In doing so, however, the Ninth Circuit has never said that a district court may not receive live testimony in these circumstances, and some district courts in the circuit have elected to do just that.

*Mecinas v. Hobbs*, 30 F.4th 890, 895 (9th Cir. 2022); *Aguierre v. Chula Vista Sanitary Serv. & Sani-Tainer, Inc.*, 542 F.2d 779, 781 (9th Cir. 1976).

What the Ninth Circuit has also not done, according to our necessarily rapid research, is provide any guidance on how the district court, in the absence of live testimony, is to treat and "solve" the opposing factual accounts in resolving the motion for preliminary injunction. That lack of guidance is problematic because, after all, the dispute is over facts *material* to resolution of the motion.

In the absence of such guidance, we urge resort to fundamental principles. First, the 622 Statute comes before this Court with a presumption of constitutionality. *E.g., Burlington N. R. Co. v. Dep't of Pub. Serv. Regul.*, 763 F.2d 1106, 1114 (9th Cir. 1985). Second, it is Plaintiff's burden to establish each element of its entitlement to a preliminary injunction, including the likelihood-of-success-on-the-merits element. E.g., *Puente Arizona v. Arpaio*, 821 F.3d 1098, 1103 (9th Cir. 2016). Third, Plaintiff cannot meet its burden if one or more of those elements requires a showing by admissible evidence of a material fact and Plaintiff fails to show that that material fact is itself likely to be accepted in the end.  E.g., *Patterson v. Daniels*, No. CIV.A. 12-1674, 2013 WL 2100546, at *21 (E.D. La. Mar. 22, 2013), report and recommendation adopted, No. CIV.A. 12-1674, 2013 WL 2100527 (E.D. La. May 14, 2013) ("Plaintiff's allegations must be accepted as true for the initial screening process required for his original complaint. . . . No such requirement . . . applies to plaintiff's request for injunctive relief. Under these circumstances, I cannot conclude that plaintiff has a substantial likelihood of success on the merits for purposes of the entry of preliminary injunctive relief."); *Aliah K. ex rel. Loretta M. v. Hawaii, Dep't of Educ.,* 788 F. Supp. 2d 1176, 1196 (D. Haw. 2011); *see also Stanley v. Univ. of Southern California*, 13 F.3d 1313 (9th Cir.1994) (relief must be denied unless the *facts* and law clearly favor the moving party).

These fundamental principles, when applied in the present circumstances of this case, mean that the Government cannot meet its burden and therefore no preliminary injunction can issue—unless and until there is live testimony adequate for the making of credibility determinations. Thus, the Government's opposition to live testimony is tantamount to a withdrawal of its motion.

Respectfully submitted,

MORRIS BOWER & HAWS PLLC

By:  /s/ Daniel W. Bower
        Daniel W. Bower

/s/ Monte Neil Stewart
Monte Neil Stewart

*Attorneys for Intervenor-Defendants*