UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF IDAHO,<br><br>Defendant,<br><br>and<br><br>THE IDAHO LEGISLATURE,<br><br>Defendant-Intervenor. | Case No. 1:22-cv-00329-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is the issue of whether to hold an evidentiary hearing before ruling on the United States' motion for a preliminary injunction. (Dkt. 17) For the reasons discussed below, the Court will not conduct an evidentiary hearing. Instead, the scheduled hearing on August 22, 2022 will only include argument.

## BACKGROUND

The United States and the State of Idaho initially agreed that the Court did not need to conduct an evidentiary hearing on the motion for a preliminary injunction because it involved only legal issues. But then the Idaho Legislature

asked to intervene to present a factual opposition. The Court partially granted that motion, allowing the Legislature to offer evidence about the factual issues underlying the United States' motion.

After partially granting permissive intervention, the Court held an informal status conference to discuss the length and content of the upcoming motion hearing. At that time the Legislature made what was essentially a request for an evidentiary hearing. They argued that without live evidence, the Court could not make credibility determinations or resolve factual disputes in the parties' declarations (which, at that point, had not been fully submitted to the Court). The Court has now reviewed all the declarations.

## DISCUSSION

A district court does not need to hold an evidentiary hearing before ruling on a preliminary injunction. In fact, the Ninth Circuit has "rejected any presumption in favor of evidentiary hearings, especially if the facts are complicated." *Kenneally v. Lungren*, 967 F.2d 329, 335 (9th Cir. 1992) (quoting *United States v. Oregon,* 913 F.2d 576, 582 (9th Cir. 1990)). Even more, the Ninth Circuit explicitly declined to follow a rule that would require "presenting oral testimony when the pleadings and affidavits are conflicting." *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986). See

**MEMORANDUM DECISION AND ORDER - 2**

*also Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("[T]he refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter.").

Instead, the Ninth Circuit has given district courts general principles to guide the exercise of discretion: "Where sharply disputed [] facts are simple and little time would be required for an evidentiary hearing, proceeding on affidavits alone might be inappropriate. . . . But an evidentiary hearing should not be held when the magnitude of the inquiry would make it impractical." *Nelson*, 799 F.2d at 555. Courts should also consider "general concepts of fairness, the underlying practice, the nature of the relief requested, and the circumstances of the particular case[]." *Id.*

The Court finds that this case is poorly suited to an evidentiary hearing on several grounds. In the Court's assessment, the declarations on file provide a sufficient basis to make an informed decision. Equally important, the bulk of the purported factual dispute is actually a legal dispute—the meaning of Idaho Code § 18-622 and its overlap with EMTALA, 42 U.S.C. § 1395dd, are legal questions, not factual ones.

What is more, to the extent there is a factual dispute, it centers around

**MEMORANDUM DECISION AND ORDER - 3**

subjective medical assessments—in what circumstances physicians can determine "in [their] good faith medical judgment" that abortion is "necessary to prevent the death of the pregnant woman." Idaho Code § 18-622. That is precisely the kind of complex factual dispute that is impractical to resolve at an evidentiary hearing at this point in the litigation. Moreover, the large magnitude of that inquiry would require a very lengthy evidentiary hearing. Given that the Court already has a mere two days to rule on the motion after the scheduled argument, holding a long evidentiary hearing creates an additional, untenable burden on the Court.

As a result, the Court finds that it is appropriate to rule on the United States' motion without holding an evidentiary hearing or hearing live testimony.

## ORDER

**IT IS ORDERED that** the Legislature's request for an evidentiary hearing is **DENIED**.

DATED: August 17, 2022

B. Lynn Winmill
U.S. District Court Judge