BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIAN D. NETTER
Deputy Assistant Attorney General
JOSHUA REVESZ
Counsel, Office of the Assistant Attorney General
ALEXANDER K. HAAS
Director, Federal Programs Branch
DANIEL SCHWEI
Special Counsel
LISA NEWMAN
ANNA DEFFEBACH
EMILY NESTLER
**CHRISTOPHER A. EISWERTH (DC Bar No. 1029490)**
Trial Attorneys
JULIE STRAUS HARRIS
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 305-0568
christopher.a.eiswerth@usdoj.gov

*Counsel for Plaintiff*
United States of America

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF IDAHO, <br><br> Defendant, <br><br> SCOTT BEDKE; CHUCK WINDER; the SIXTY-SIXTH LEGISLATURE, <br><br> Intervenors-Defendants. | Case No. 1:22-cv-329-BLW <br><br> **MOTION TO EXTEND BRIEFING SCHEDULE REGARDING MOTIONS FOR RECONSIDERATION** |

The United States respectfully moves the Court to allow the United States to consolidate its responses to the Legislature's motion for reconsideration, *see* Dkt. 97 (Sept. 7, 2022), and the State of Idaho's forthcoming motion for reconsideration into a single brief, not to exceed 40 pages, which would be due no later than 21 days after the State files its motion for reconsideration. The Legislature has indicated it opposes this motion. *See* Ex. A at 1, hereto. The United States has attempted to ascertain the State's position on this proposal, but despite multiple e-mails, the State has not indicated whether it agrees or disagrees with it. Regardless, good cause exists to adopt the United States' proposal.

1. On August 24, 2022, the Court granted the United States' motion for a preliminary injunction, enjoining Idaho's abortion ban to the extent it conflicts with the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd. *See* Dkt. 95.

2. On September 7, 2022, the Legislature filed a motion asking the Court to reconsider its decision regarding the preliminary injunction. *See* Dkt. 97. The Court had previously granted the Legislature permission to intervene for the "limited" purpose of "show[ing] 'the holes in the factual foundation' of the United States' motion," Dkt. 27 at 1. But in its motion, the Legislature raises at least five separate legal arguments. The United States' response to this motion is currently due under the Local Rules on September 28, 2022.

3. On September 9, 2022, the State emailed counsel alerting the parties that it also intends to file a motion for reconsideration by September 21, 2022. *See* Ex. A at 2-3. The State further noted that it "sees value in having its motion, and the motion filed by the Legislature …, decided at the same time." *Id.* at 3.

4. The United States agrees with the State that it would be most efficient and sensible for the Court to consider the two motions together. To that end, the United States proposed to the Legislature and the State on September 9, 2022 that the United States file a single consolidated brief

in response to the two motions, not to exceed 40 pages, within 21 days of the State filing its motion. *See* Ex. A at 2.

5. On September 14, 2022, the Legislature informed the United States that it opposes this motion "because (i) the preliminary injunction now in place is injuring by its overbreadth interests of great importance to Idaho and (ii) the Attorney General's Office has not indicated what additional argument it believes it can make to further the matter now before the Court." *Id.* at 1. It further noted that if the United States proceeded with filing this motion, the Legislature would "file a counter-motion to expedite." *Id.* The State has not indicated its position as to this proposal.

6. Despite the Legislature's objection, good cause exists to adopt the United States' proposal to file a consolidated brief in response to the motions for reconsideration. The Legislature has advanced numerous legal arguments in its motion, despite being granted permission to intervene only to raise factual arguments, and the State will likely advance some of the same contentions. Having the United States address these arguments—and any others—together in one brief will allow for the most logical and efficient presentation to the Court. Further, given that the United States would ordinarily be afforded a 20-page brief to respond to each motion, permitting a consolidated brief will likely lead to the United States submitting fewer pages of briefing. The United States will endeavor to present its opposition as concisely as possible, but without having yet seen the State's motion, the United States respectfully requests that its consolidated opposition be afforded the full number of pages granted by the local rules.

7. Piecemeal briefing, on the other hand, will impose additional burdens on the Court and on the parties without any meaningful offsetting benefit. Under the Legislature's plan, the United States would have to file two oppositions that are duplicative to some degree, and the Court would presumably be expected to render two decisions, which again would be duplicative to the extent the State raises arguments similar to those in the Legislature's motion. The Legislature claims this

inefficient use of resources is necessary to avoid "delay," Ex. A at 1, which at most would be no more than two weeks—the difference between the briefing schedules on the Legislature's motion and on the State's forthcoming motion. This claim of purported delay assumes, moreover, that the Court will resolve the Legislature's motion for reconsideration prior to, and separate from, the State's forthcoming motion, which would itself be a highly inefficient manner of proceeding, as both the United States and the State of Idaho recognize. *See* Ex. A at 3.

8. In short, the United States' proposal ensures that the issues are efficiently and logically presented to the Court for decision, while the Legislature's position would result in needless duplication for no meaningful return. The United States therefore respectfully requests that the Court grant this motion and enter an order permitting the United States to file one brief, not to exceed 40 pages, in response to the Legislature's and the State's motions for reconsideration, due no later than 21 days after the State files its motion.

| | |
|---|---|
| Dated: September 15, 2022 | Respectfully submitted, |
| SAMUEL R. BAGENSTOS<br>General Counsel | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| PAUL R. RODRÍGUEZ<br>Deputy General Counsel | BRIAN D. NETTER<br>Deputy Assistant Attorney General |
| DAVID HOSKINS<br>Supervisory Litigation Attorney | JOSHUA REVESZ<br>Counsel, Office of the Assistant Attorney General |
| JESSICA BOWMAN<br>MELISSA HART<br>Attorneys<br>U.S. Department of Health & Human Servs.<br>200 Independence Ave., SW<br>Washington, DC 20201 | ALEXANDER K. HAAS<br>Director, Federal Programs Branch<br><br>DANIEL SCHWEI<br>Special Counsel<br><br>*/s/ Christopher A. Eiswerth*<br>LISA NEWMAN<br>ANNA DEFFEBACH<br>EMILY NESTLER<br>CHRISTOPHER A. EISWERTH<br>  (DC Bar No. 1029490)<br>Trial Attorneys<br><br>JULIE STRAUS HARRIS<br>Senior Trial Counsel<br><br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>Tel: (202) 305-0568<br>christopher.a.eiswerth@usdoj.gov<br><br>*Counsel for the United States* |