LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief, Civil Litigation Division

MEGAN A. LARRONDO, ISB #10597
BRIAN V. CHURCH, ISB #9391
ALAN W. FOUTZ, ISB #11533
INGRID C. BATEY, ISB #10022
Deputy Attorneys General
CLAY R. SMITH, ISB #6385
Special Deputy Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID  83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
megan.larrondo@ag.idaho.gov
brian.church@ag.idaho.gov

JOAN E. CALLAHAN, ISB #9241
NAYLOR & HALES, P.C.
Special Deputy Attorney General
950 W. Bannock Street, Ste. 610
Boise, ID 83702
Telephone: (208) 383-9511
Facsimile: (208) 383-9516
joan@naylorhales.com

*Attorneys for Defendant State of Idaho*

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>THE STATE OF IDAHO,<br><br>     Defendant,<br><br>and<br><br>SCOTT BEDKE, in his official capacity as Speaker of the House of Representatives of the State of Idaho; CHUCK WINDER, in his capacity as President Pro Tempore of the Idaho State Senate; and the SIXTY-SIXTH IDAHO LEGISLATURE,<br><br>     Intervenor-Defendants. | Case No. 1:22-cv-329<br><br>**STATE OF IDAHO'S ANSWER** |

        Defendant State of Idaho hereby answers and responds to the Complaint filed on August

2, 2022 (Dkt. 1), as follows:

STATE OF IDAHO'S ANSWER - 1

## I.     GENERAL RESPONSE

Unless specifically admitted herein, the State denies each and every allegation, claim, and request for relief in the Complaint.

## II.     SPECIFIC RESPONSES

In response to the specific allegations, claims, and requests for relief contained in the specific paragraphs in the Complaint, the State responds as follows:[1]

**A.     Preliminary Statement**

1.     Paragraph 1 contains a legal narrative and arguments that do not require a response. To the extent that a response is required, Plaintiff appears to summarize the provisions of Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd, which speak for themselves.

2.     Paragraph 2 contains a legal narrative and arguments that do not require a response. Again, the provisions of EMTALA speak for themselves. The State lacks information to admit or deny when or whether a medical provider would conclude that an abortion is necessary stabilizing medical care as defined by EMTALA to treat an emergency medical condition as defined by EMTALA. The State further lacks knowledge as to whether a medical provider would conclude that an abortion could be necessary stabilizing medical care for any of the specific medical conditions identified by Plaintiff in this paragraph.

3.     Paragraph 3 contains a legal narrative and arguments that do not require a response. To the extent a response is required, the provisions of Idaho Code § 18-622, including the affirmative defenses, speak for themselves. The State admits only that Idaho Code § 18-622 took effect on August 25, 2022, and that the State was enjoined by the preliminary injunction issued on August 24, 2022, from enforcing Idaho Code § 18-622 in the circumstances outlined in the order, issued as Document No. 95.

---

[1] The State utilizes the headings from the Complaint for ease of reference; such use does not reflect the State's concurrence in those headings.

STATE OF IDAHO'S ANSWER - 2

4.      Paragraph 4 contains a legal narrative and arguments that do not require a response. To the extent a response is required, the provisions of Idaho Code § 18-622, including the affirmative defenses, speak for themselves. The State admits only that Idaho Code § 18-622 can be enforced by criminal prosecution. The State lacks knowledge to admit or deny what decisions medical providers might make in response to Idaho Code § 18-622.

5.      Paragraph 5 contains a legal narrative and arguments that do not require a response. To the extent a response is required, the cited provision of EMTALA speaks for itself. The State lacks knowledge as to what decisions medical providers might make in response to Idaho Code § 18-622. The State denies that Idaho Code § 18-622 is in direct conflict with EMTALA. The State further denies that Idaho Code § 18-622 is preempted by EMTALA under the Supremacy Clause of the United States Constitution.

6.      In response to Paragraph 6, the State denies that Plaintiff are entitled to the relief sought. The State further denies that Idaho Code § 18-622 is invalid and denies that the statute directly conflicts with and is preempted by EMTALA.

**B.      Jurisdiction and Venue**

7.      In response to Paragraph 7, the State denies that this Court has jurisdiction over this matter.

8.      In response to Paragraphs 8 and 9, if and only if the Court has subject matter jurisdiction in this case, which the State denies, the State admits that venue would be proper in this district and division. The State denies that it has a legal residence. The State admits that the "seat of government" is "at Boise City, in the county of Ada." Idaho Code § 67-101. *See also* Idaho Const. art. X, sec. 2.

**C.      Parties**

9.      In response to Paragraph 10, the State admits.

10.      In response to Paragraph 11, the State admits that it is a State of the United States. As such, it is a distinct legal entity, and therefore the State denies that any of its officers, employees, and agents, are parties to this action.

STATE OF IDAHO'S ANSWER - 3

**D.      Supremacy of Federal Law**

11.      In response to paragraph 12, the State admits only that article IV, clause 2 of the United States Constitution speaks for itself. This paragraph contains a legal narrative to which no response is required.

12.      In response to paragraph 13, the State admits only that the quoted cases speak for themselves. This paragraph contains a legal narrative to which no response is required.

13.      In response to paragraph 14, the State admits only that 42 U.S.C. § 1395, et seq., speaks for itself.

14.      In response to paragraph 15, the State admits only that medical providers can voluntarily choose to participate in Medicare. The provisions of 42 U.S.C. § 1395cc speak for themselves.

15.      In response to paragraphs 16 and 17, the State admits only that the provisions of 42 U.S.C. § 1395dd speak for themselves.

16.      In response to paragraph 18, the State admits only that the provisions of 42 U.S.C. § 1395dd and 42 C.F.R. § 489.24(a) speak for themselves.

17.      In response to paragraph 19, the State admits only that the provisions of 42 U.S.C. § 1395dd(e)(1) speak for themselves and that Congress enacted the provisions of EMTALA.

18.      In response to paragraph 20, the State admits only that the quoted provisions of 42 U.S.C. § 1395dd and 42 C.F.R. § 489.24 speak for themselves.

19.      In response to paragraph 21 and 22, the State admits only that the quoted provisions of 42 U.S.C. § 1395 dd speak for themselves.

20.      Paragraph 23 contains a legal narrative and argument to which no response is required.  To the extent a response is required, the provisions of EMTALA speak for themselves.

21.      In response to paragraph 24, the State lacks knowledge as to what the necessary stabilizing treatment is for the identified pregnancy-related emergency medical conditions, or whether such conditions would be considered emergency medical conditions for a particular pregnant woman. With regard to the identified guidance issued by the Centers for Medicare &

Medicaid Services, the identified guidance speaks for itself. Such guidance was also enjoined by a federal district court in *Texas v. Becerra*, No. 5:22-cv-185-H (N.D. Tex. Aug. 23, 2022), with respect to Texas abortion laws. The State denies that EMTALA requires a hospital to provide an abortion in violation of Idaho Code § 18-622. In response to footnote 1, the State lacks knowledge as to the opinions of the unidentified medical experts. As to whether the termination of an ectopic pregnancy is an abortion under Idaho Code § 18-604(1), the statute speaks for itself.

22.     In response to paragraph 25, the State admits only that 42 U.S.C. § 1395dd(f) speaks for itself.

**E.     Idaho's Abortion Law**

23.     In response to paragraph 26, the State admits only that Idaho Code § 18-622 was enacted in 2020 and took effect on August 25, 2022, 30 days after the issuance of the judgment in Dobbs v. Jackson Women's Health Organization, 142 S. Ct. 2228 (2022). By way of further answer, the State was enjoined by the preliminary injunction issued on August 24, 2022, from enforcing Idaho Code § 18-622 in the circumstances outlined in the order, issued as Document No. 95. Idaho Code § 18-622(1) speaks for itself.

24.     In response to paragraphs 27 and 28, the State admits only that Idaho Code § 18-622 speaks for itself.

25.     In response to paragraph 29, the State admits only that Idaho Code § 18-604(1) speaks for itself.

26.     Paragraph 30 contains legal argument and therefore requires no response. To the extent a response is required, the State admits only that Idaho Code § 18-622 speaks for itself. The State denies that the mere performance of an abortion would necessarily subject a provider to criminal prosecution and require the provider to raise an affirmative defense at trial.

27.     Paragraph 31 contains legal argument and therefore requires no response. To the extent a response is required, the State admits only that Idaho Code § 18-622 speaks for itself and that Idaho Code § 18-622's exceptions are phrased as affirmative defenses. The State denies the remainder of the allegations in the paragraph.

28.     In response to paragraph 32, the State admits only that Idaho Code § 18-622 speaks for itself. The State denies that Idaho Code § 18-622 necessarily requires all accused physicians to prove anything to a jury.

29.     In response to paragraph 33, the State admits only that the affirmative defenses contained in Idaho Code § 18-622 to prosecution and licensing discipline are stated at Idaho Code §18-622(3). Idaho Code § 18-622(3) speaks for itself.

30.     In response to paragraph 34, the State admits only that Idaho Code § 18-622(3) speaks for itself.

**F.      Idaho's Abortion Law Conflicts With EMTALA**

31.     In response to paragraph 35, the State admits that, upon information and belief, there are currently 51 hospitals in the State that have voluntarily chosen to enter into Medicare provider agreements. The State further admits that, upon information and belief, 42 of those hospitals have emergency departments as defined by EMTALA.

32.     In response to paragraph 36, the State denies.

33.     The allegations in paragraph 37 are legal argument and no response is required.  To the extent a response is required, the State admits only that Idaho Code § 18-622 and 42 U.S.C. § 1395dd speak for themselves . The State denies the remaining allegations in paragraph 37.

34.     The allegations in paragraph 38 are legal argument and no response is required. To the extent a response is required, the State lacks knowledge as to what physicians will do in response to Idaho Code § 18-622.  The State answers further that Idaho Code § 18-622, 42 U.S.C § 1395dd, and the quoted case referenced in this paragraph speak for themselves. The State denies the remaining allegations.

**G.      Idaho's Abortion Law Causes Injury to Federal Interests**

35.     In response to paragraph 39, the State admits only that Idaho Code § 18-622 became effective on August 25, 2022, and that the State was enjoined by the preliminary injunction issued on August 24, 2022, from enforcing Idaho Code § 18-622 in the circumstances outlined in the order, issued as Document No. 95.

36.     In response to paragraph 40, the State only admits that the Governor of Idaho released the press release available at the web address contained in footnote 2 of the Complaint following the release of the Supreme Court's decision in Dobbs. The press release speaks for itself.

37.     In response to paragraph 41, the State admits only that on Friday, July 29, 2022, Brian M. Boynton, Principal Deputy Assistant Attorney General transmitted a letter via email to Governor Brad Little and Attorney General Lawrence Wasden providing notice of the United States' intent to initiate litigation over Idaho Code § 18-622. The letter speaks for itself. The State further admits that the United States filed suit four days later, on Tuesday, August 2, 2022 before the State of Idaho could substantively respond to the letter.

38.     In response to paragraph 42, the State admits only that Idaho Code § 18-622 became effective on August 25, 2022, and that the State was enjoined by the preliminary injunction issued on August 24, 2022, from enforcing Idaho Code § 18-622 in the circumstances outlined in the order, issued as Document No. 95. Idaho Code § 18-622 speaks for itself. The State denies the remaining allegations.

39.     In response to paragraph 43, the State admits only that the cited case speaks for itself. The State denies the remaining allegations.

40.     The allegations in paragraph 44 are legal and factual argument and no response is required. To the extent a response is required, the State denies the allegations.

41.     The allegations in paragraph 45 are legal and factual argument and no response is required. To the extent a response is required, the State lacks knowledge as to the posture in which pregnant patients present at hospital emergency departments and the treatment or stabilizing treatment that each patient requires. The State further lacks knowledge as to what decisions physicians may make in response to Idaho Code § 18-622. The State therefore denies both allegations. The State denies the remaining allegations in the paragraph.

42.     The allegations in paragraph 46 are legal and factual argument and no response is required. To the extent a response is required, the State admits only that Idaho Code § 18-622

speaks for itself and that the exceptions contained in Idaho Code § 18-622 are phrased as affirmative defenses. The State denies the remaining allegations.

43.     With the exception of admitting only that 42 U.S.C. § 1395dd speaks for itself, the State denies the allegations in paragraph 47.

44.     With the exception of admitting only that 42 U.S.C. § 1395dd speaks for itself, the State denies the allegations in paragraph 48.

45.     In response to paragraph 49, the State lacks knowledge sufficient to admit or deny the monies that HHS paid for emergency department care in Idaho hospitals enrolled in Medicare. The State admits only that 42 U.S.C. § 1395cc speaks for itself. The State denies the remaining allegations in paragraph 49.

46.     The State denies the allegations in paragraph 50.

47.     With the exception of stating that CMS Form 1561 speaks for itself, the State denies the allegations in paragraph 51. Upon information and belief, the State admits that CMS Form 1561 is available at the web address stated in footnote 3.

48.     In response to the allegations in paragraph 52, the State admits only that, upon information and belief, there are currently 51 hospitals in the State that have voluntarily chosen to enter into Medicare provider agreements. The State further admits that, upon information and belief, 42 of those hospitals have emergency departments as defined by EMTALA. The State denies the remaining allegations in this paragraph

49.     In response to the allegations in paragraph 53, the State admits that it would not automatically be a party to a federal enforcement action brought against a hospital in Idaho.  The State denies the remaining allegations.

50.     In response to the allegations in paragraph 54, the State admits only that Idaho Code § 18-622 speaks for itself. The State lacks knowledge to admit or deny what a pregnant person who arrives at an emergency department with an emergency condition would encounter, and therefore denies that allegation.  The State denies the remaining allegations.

**H.     Claim for Relief**

51.     In response to the allegations in paragraph 55, the State incorporates paragraphs 1 through 50 of its Answer as if fully set forth herein.

52.     In response to paragraph 56, the State admits only that article IV, clause 2 of the United States Constitution speaks for itself.

53.     In response to paragraph 57, the State admits only that 42 U.S.C. § 1395dd(f) speaks for itself. The State denies that Idaho Code § 18-622 violates the Supremacy Clause and is preempted to the extent contrary to EMTALA. The State denies that Idaho Code § 18-622 is contrary to EMTALA.

54.     The State denies the allegations contained in paragraph 58.

55.     The State denies the allegations contained in paragraph 59.

**I.     Prayer for Relief**

56.     In response to Plaintiff's prayer for relief, the State denies that the Plaintiff is entitled to the relief requested in paragraphs (a) to (f) of the prayer for relief on page 16 of the Complaint.

## III.    AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The United States does not have standing to assert claims for relief in this matter.

### THIRD DEFENSE

The State of Idaho is not a proper defendant to this suit.

### FOURTH DEFENSE

EMTALA, as construed by the Plaintiff in this matter, is an unconstitutional enactment by Congress.

## FIFTH DEFENSE

EMTALA, as construed by the Plaintiff in this matter, violates the Tenth Amendment of the United States Constitution.

## SIXTH DEFENSE

The United States does not have a cause of action on which to proceed and this action cannot be heard in equity because Congress has enacted a comprehensive remedial scheme for violations of EMTALA.

## SEVENTH DEFENSE

EMTALA, as construed by the Plaintiff in this matter, violates the anti-commandeering doctrine.

## EIGHTH DEFENSE

There is no direct conflict between EMTALA and Idaho Code § 18-622 and therefore Idaho Code § 18-622 does not violate the Supremacy Clause and is not preempted by EMTALA.

## NINTH DEFENSE

There can be no direct conflict between EMTALA and Idaho Code § 18-622 because EMTALA's obligations are triggered by the voluntary choices of third parties to participate in Medicare.

## TENTH DEFENSE

EMTALA, as construed by the Plaintiff in this matter, is an impermissible coercive spending scheme that exceeds the scope of the Spending Clause of the United States Constitution.

RESPECTFULLY SUBMITTED this 23rd day of September, 2022.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:   _/s/ Brian V. Church_____
BRIAN V. CHURCH
Deputy Attorney General


STATE OF IDAHO'S ANSWER - 10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of September, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

BRIAN DAVID NETTER
DOJ-Civ
Civil Division
brian.netter@usdoj.gov

DANIEL SCHWEI
DOJ-Civ
Federal Programs Branch
daniel.s.schwei@usdoj.gov

JULIE STRAUS HARRIS
DOJ-Civ
Civil Division, Federal Programs Branch
julie.strausharris@usdoj.gov

LISA NEWMAN
DOJ-Civ
Civil Division, Federal Programs Branch
lisa.n.newman@usdoj.gov

ANNA LYNN DEFFEBACH
DOJ-Civ
Civil Division, Federal Programs Branch
anna.l.deffebach@usdoj.gov

CHRISTOPHER A. EISWERTH
DOJ-Civ
Federal Programs Branch
christopher.a.eiswerth@usdoj.gov

EMILY NESTLER
DOJ-Civ
emily.b.nestler@usdoj.gov

*Attorneys for Plaintiff United States of America*

LAURA ETLINGER
New York State Office
of the Attorney General
laura.Etlinger@ag.ny.gov

*Attorney for Amici States*
*California, New York, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota,*

DANIEL W. BOWER
Morris Bower & Haws PLLC
dbower@morrisbowerhaws.com

MONTE NEIL STEWART
Attorney at Law
monteneilstewart@gmail.com

*Attorneys for Intervenors-Defendants*

JAY ALAN SEKULOW
sekulow@aclj.org

JORDAN A. SEKULOW
jordansekulow@aclj.org

STUART J. ROTH
Stuartroth1@gmail.com

OLIVIA F. SUMMERS
osummers@aclj.org

LAURA B. HERNANDEZ
lhernandez@aclj.org

*Attorneys for Amicus Curiae*
*American Center for Law & Justice*

WENDY OLSON
Stoel Rives LLP
wendy.olson@stoel.com

JACOB M. ROTH
Jones Day
jroth@jonesday.com

AMANDA K. RICE
Jones Day
arice@jonesday.com

CHARLOTTE H. TAYLOR
Jones Day
ctaylor@jonesday.com

*Nevada, New Jersey, New Mexico, North Carolina, Oregon, Pennsylvania, Rhode Island, Washington, and Washington, D.C.*

*Attorneys for Amici Curiae The American Hospital Association and the Association of American Medical Colleges*

SHANNON ROSE SELDEN
Debevoise & Plimpton LLP
srselden@debevoise.com

ADAM B. AUKLAND-PECK
Debevoise & Plimpton LLP
Aaukland-peck@debevoise.com

LEAH S. MARTIN
Debevoise & Plimpton LLP
lmartin@debevoise.com

*Attorneys for Amici Curiae American College of Emergency Physicians, Idaho Chapter of the American College of Emergency Physicians, American college of Obstetricians and Gynecologists, Society for Maternal-Fetal Medicine, National Medical Association, National Hispanic Medical Association, American Academy of Pediatrics, American Academy of Family Physicians, American Public Health Association, and American Medical Association*

    /s/ Brian V. Church
BRIAN V. CHURCH
Deputy Attorney General

STATE OF IDAHO'S ANSWER - 12