# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>THE STATE OF IDAHO,<br><br>     Defendant,<br><br>and<br><br>SCOTT BEDKE, in his official capacity as Speaker of the House of Representatives of the State of Idaho; CHUCK WINDER, in his capacity as President Pro Tempore of the Idaho State Senate; and the SIXTY-SIXTH IDAHO LEGISLATURE,<br><br>     Intervenor-Defendants. | Case No. 1:22-cv-329-BLW |

## IDAHO LEGISLATURE'S REPLY IN SUPPORT OF RENEWED MOTION TO INTERVENE [DKT. 105]

Monte Neil Stewart, ISB No. 8129
11000 Cherwell Court
Las Vegas, Nevada 89144
Telephone: (208)514-6360
monteneilstewart@gmail.com

Daniel W. Bower, ISB No. 7204
MORRIS BOWER & HAWS PLLC
1305 12th Ave. Rd.
Nampa, Idaho 83686
Telephone: (208) 345-3333
dbower@morrisbowerhaws.com

*Attorneys for Intervenor-Defendants*

<u>TABLE OF CONTENTS</u>

INTRODUCTION...........................................................................................................1

ARGUMENT ..............................................................................................................2

I.     Under Berger, the Idaho Legislature Should be Allowed
to Intervene As of Right ...............................................................................2

II.    Differences in Legal Tactics Can Establish Inadequate
Representation ...............................................................................................4

III.   Differences in Litigation Strategy Separating the Legislature
and the AGO Demonstrate that the Latter Does Not Adequately
Represent the Former.....................................................................................5

      A.    The Legislature is trying to undo the preliminary injunction
with an urgency that the AGO does not share ...................................5

      B.    The Legislature is pressing and prioritizing different legal
arguments in defense of Idaho Code § 18-622 than the AGO ...........6

CONCLUSION ............................................................................................................8

CERTIFICATE OF SERVICE...............................................................................9

## TABLE OF CASES AND AUTHORITIES

**Cases:**

*Berger v. North Carolina State Conference of the NAACP*,
    142 S. Ct. 2191 (2022) ..........................................................1, 2, 3, 4, 5, 6, 7, 8

*Maryland v. King*,
    567 U.S. 1301 (2012) ............................................................................6

*New Motor Vehicle Bd. v. Orrin W. Fox Co.*,
    434 U.S. 1345 (1977) ............................................................................6

*West Va. v. Environmental Protection Agency*,
    142 S. Ct. 2587, 2609 (2022) ..............................................................7

**Statutes:**

I.C. § 18-622 ...........................................................................................4, 6

I.C. § 67-465 ........................................................................................1, 3, 4

Fed. R. Civ. P. 24(a)(2) ...............................................................1, 2, 3, 5, 6, 8

**Other Authorities:**

EMTALA ......................................................................................................7

Major questions doctrine ..............................................................................7

The Speaker of the Idaho House of Representatives Scott Bedke, Idaho Senate President Pro Tempore Chuck Winder, and the Sixty-Sixth Idaho Legislature ("Legislature") respectfully submit this reply brief in support of its Renewed Motion to Intervene (Dkt. 105) ("Legislature's Motion") and in response to the United States' Opposition to the Idaho Legislature's Renewed Motion to Intervene (Dkt. 109) ("Opposition" or "Op.").

## INTRODUCTION

The United States dislikes Berger v. North Carolina State Conference of the NAACP, 142 S. Ct. 2191 (2022). Reciting losing arguments from that decision—including arguments urged by the sole dissenting Justice—the government contends that the Legislature does not satisfy the criteria for intervention as of right under Rule 24(a)(2).

But excluding the Legislature as a full party in this case defies Berger. There, an eight-member majority of the Supreme Court held that "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law." 142 S. Ct. at 2201. Applying that straightforward rule, the Court concluded North Carolina lawmakers were not adequately represented by the state attorney general when a state law expressly authorized them to intervene in litigation challenging state law, regardless of the attorney general's participation. *Id*. at 2206. Here, Idaho Code § 67-465 authorizes the Legislature to intervene in federal litigation to defend Idaho law. Following Berger means granting the Legislature's Renewed Motion to Intervene.

Even if express authorization under Idaho law does not justify intervention by itself, the Motion identifies ample reasons to conclude that the Attorney General's Office (AGO) does not adequately represent the Legislature. Since this Court evaluated the Legislature's initial motion to

intervene more than two months ago, substantial differences have unfolded separating the Legislature's litigating posture from the AGO's. They disagree about the appropriate tempo of motion practice, the proper legal arguments to raise, and which legal positions to prioritize. In all these ways, the Legislature "seek[s] to give voice to a different perspective" from the AGO. *Id*. at 2205.

The Supreme Court has said that "Rule 24(a)(2) promises intervention to those who bear an interest that may be practically impaired or impeded 'unless existing parties adequately represent that interest.'" Berger, 142 S. Ct. at 2203 (quoting Fed. R. Civ. P. 24(a)(2)). The Legislature's Motion amply satisfies that standard—either because Idaho law expressly authorizes the Legislature to intervene in cases like this or because substantial differences in litigation approach establish that the AGO does not adequately represent the Legislature in fact. Either reason justifies intervention as of right. The Legislature's Motion should be granted.

## ARGUMENT

### I.  Under Berger, the Idaho Legislature Should be Allowed to Intervene As of Right.

The United States argues that this case is "materially distinguishable" from the Supreme Court's decision in Berger. Op. at 3. Even a cursory reading of Berger says otherwise, as a comparison of the Opposition with Berger shows:

♦ The United States insists that the Legislature has no right to intervene "because [it] and the State of Idaho maintain identical interests in pursuing the same objective in this lawsuit." Op. at 1. Berger says that Rule 24(a)(2) "promises intervention to those who bear an interest that may be practically impaired or impeded 'unless existing parties adequately represent that interest'"—a standard requiring "only a minimal challenge." 142 S. Ct. at 2203.

♦ The United States argues that intervention is unnecessary because "the Legislature and the State of Idaho maintain identical interests in pursuing the same objective in this lawsuit." Op. at 1. Justice Sotomayor said much the same, when dissenting in Berger. 142 S. Ct. at 2206 (Sotomayor, J., dissenting) (criticizing the majority for allowing intervention "even where the interests that the intervenors seek to represent are

identical to those of the existing party"). Repudiating that logic is the majority's central holding: "[A] presumption of adequate representation is inappropriate when a duly authorized state agent seeks to intervene to defend a state law." 142 S. Ct. at 2204. In fact, the Court stressed that "[f]or a federal court to presume a full overlap of interests when state law more nearly presumes the opposite would make little sense and do much violence to our system of cooperative federalism. *Id*.

◆ Likewise, the United States argues that "[a]ny interest that the Legislature has in this case is indistinguishable from the interest of the State of Idaho, of which it is a part." Op. at 4. By contrast, Berger cautions that "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law." 142 S. Ct. at 2201.

◆ The United States insists that "no law enacted by Idaho can override the requirements of the Federal Rules of Civil Procedure" and that "Idaho Code § 67-465 does not provide a basis for the Legislature to participate as a separate entity from the State where the State, represented by the Attorney General, is forcefully defending the constitutionality of a state law." Op. at 5. Justice Sotomayor registered similar criticism. 142 S. Ct. at 2214 (Sotomayor, J., dissenting). But the question in Berger— and here—is whether Rule 24(a)(2)'s requirement of adequate representation is satisfied when a state authorizes more than one state body to defend the validity of state law in federal court. Under Berger, "a federal court must respect that kind of sovereign choice, not assemble presumptions against it." *Id*. at 2206.

In short, the United States opposes intervention for reasons that Berger rejects. Accepting the government's position would produce a decision at odds with Berger.

Not content with disputing Supreme Court precedent, the United States points to accidental or irrelevant facts from Berger in a strained attempt to distinguish it.

Berger did not turn on the fact that "the North Carolina legislature had no way, absent intervention, to ensure that the challenged law was adequately defended in court." Op. at 3. Justice Gorsuch, writing for the Court, articulated a broader principle: "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law." Berger, 142 S. Ct. at 2201. That principle applies here, since the Idaho Legislature is expressly authorized to intervene in litigation challenging the validity of state law. Idaho Code § 67-465.

3

Nor does Berger remotely suggest that intervention is warranted only to avoid "allowing a private plaintiff to pick its preferred defendants." *Id*. at 4 (quoting Berger, 142 S. Ct. at 2203). Berger explained that preventing plaintiffs from trying to "control which state agents they will face across the aisle" is only one reason not to exclude a state's "duly authorized representatives" as intervenors. 142 S. Ct. at 2201. Besides that, it is uncertain whether the United States opposes the Legislature's intervention here, precisely to avoid "a full and fair adversarial testing of the State's interests and arguments." *Id*.

Equally irrelevant are the facts that Idaho law "does not expressly authorize the Legislature to represent the State" and does not make the Legislature a necessary party. Op. at 5. Idaho Code § 67-465 says with absolute clarity that when a lawsuit challenges "the constitutionality of an Idaho statute … either or both houses of the legislature may intervene in the action as a matter of right." Idaho Code § 67-465. Under Berger, that grant of authority supports intervention as of right. 142 S. Ct. at 2206 (because state law authorizes intervention by legislative leaders, "a federal court must respect that kind of sovereign choice, not assemble presumptions against it"). As in Berger, "a full consideration of the State's practical interests may require the involvement of different voices with different perspectives." 142 S. Ct. at 2203.

Since Idaho Code § 67-465 expressly authorizes the Legislature to intervene in litigation challenging the validity of state law, this Court should respect that "sovereign choice" by granting the Legislature's Motion. *Id*. at 2206.

## II.  Differences in Legal Tactics Can Establish Inadequate Representation.

The United States errs as well by contending that "minor differences in litigation strategy" do not justify intervention. Op. at 6. Since the Legislature and the AGO share the nominal aim of defending section 18-622, the United States says that "the Legislature must make a compelling

showing that the Attorney General is not adequately representing its interests for intervention to be appropriate." *Id*.

Fabricating a heightened standard for intervention is baseless. It parallels Justice Sotomayor's solo dissent in Berger—not the reasoning of the eight-member majority. She alone disparaged clashing litigation priorities as "a disagreement over trial strategy" or "a choice about litigation strategy." Berger, 142 S. Ct. at 2212 (Sotomayor, J., dissenting). Only she took the view that differing approaches to litigation tempo and legal priorities catalogued by the majority "do[ ] not render state respondents' representation inadequate." *Id*. at 2213. For the Court, however, it mattered that the state Attorney General did not submit expert witness affidavits or seek a stay following an injunction, just as it mattered that his litigating stance was influenced by factors other than a single-minded defense of state law. *Id*. at 2205. All these demonstrated that representation was inadequate.

Berger directly refutes the notion that "mere differences in litigation strategy … do not rise to the level of inadequacy of representation that justif[ies] [sic] intervention as of right." Op. at 1. They certainly can—and such differences satisfy Rule 24(a)(2) here.

## III. Differences in Litigation Strategy Separating the Legislature and the AGO Demonstrate that the Latter Does Not Adequately Represent the Former.

### A. *The Legislature is trying to undo the preliminary injunction with an urgency that the AGO does not share.*

The United States insists that differences in litigation stance between the Legislature and the AGO amount to "minor disagreements on timing and strategy." Op. at 8. We disagree. The procedural and substantive disparities in approach catalogued in the Legislature's Motion show that the AGO cannot represent the Legislature's interests adequately.

Begin with the delays in acting on the Legislature's Motion for Reconsideration. The AGO's chosen briefing schedule and its concessions to the government (Dkt. 100) have put off a

decision on the Legislature's Motion for months. The United States says that these delays are irrelevant "because [Idaho Code § 18-622] was enjoined before it ever went into effect." *Id*. We strenuously disagree. Enjoining its abortion statute irreparably harms the State of Idaho and its people.[1] *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury."); accord *Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers) (granting a stay).

Another procedural gap separating the Legislature from the AGO is its response to the Legislature's Motion for Reconsideration and Renewed Motion to Intervene. In each instance, the AGO responded with terse statements expressing its non-opposition (Dkt. 104, 110). Failure to support the Legislature in these critical motions exemplifies the gulf dividing the Legislature's litigation posture from the AGO's.

   B.  *The Legislature is pressing and prioritizing different legal arguments in defense of Idaho Code § 18-622 than the AGO.*

The United States does not dispute that the AGO "answered the Court's questions differently" than counsel for the Legislature during the hearing on the preliminary injunction. Op. at 9. Nor does the government dispute that the AGO "declined to make, or make more fully, some of the Legislature's preferred legal arguments." *Id*. All the government can say is that these disparities "do[ ] not establish a divergence of interests" under Rule 24(a)(2). *Id*. Nonsense. Berger found inadequacy of representation based on the failure to submit expert witness affidavits and

---

[1] Although the United States criticizes the Legislature for not seeking an expedited briefing schedule following its Motion for Reconsideration, Op. at 8, that decision should not be misunderstood to suggest a lack of urgency. The Legislature registered its opposition to delays occasioned by both the AGO and the United States. Rushing to enjoin Idaho Code § 18-622 and then throttling back to a leisurely pace when determining whether the injunction is erroneous (as we maintain) is profoundly unfair to the people of Idaho. But a motion to expedite was ultimately decided against given a perceived low likelihood of success.

seek a stay following an injunction, as well as the cross-cutting factors drawing the state attorney general away from a single-minded focus on defending state law. 142 S. Ct. at 2205. Compared with these, the differences between litigating positions limned in the Legislature's Motion are even starker. The Legislature's interests are not adequately represented by the AGO.

A word on the major questions doctrine. The United States says that it "applies only to courts reviewing the actions of administrative agencies and does not apply here." Op. at 9 (citing *West Va. v. Environmental Protection Agency*, 142 S. Ct. 2587, 2609 (2022)). That's incorrect. A fulsome explanation of the doctrine and its proper application appear in the Legislature's Reply Brief supporting its Motion for Reconsideration. Dkt. 111, at 6–7. To put it succinctly, what unites decisions under the major questions doctrine is a concern with the exercise of "highly consequential" executive power "beyond what Congress could reasonably be understood to have granted." *West Va. v. Environmental Protection Agency*, 142 S. Ct. 2587, 2609 (2022). Nowhere do the pertinent decisions exclude the doctrine based on whether the challenged assertion of executive power originates with an administrative agency or some other component of the Executive Branch. Cases under the major questions doctrine "have arisen from all corners of the administrative state." *Id*. at 2608. Even if the source of executive assertion mattered, the Department of Justice is a federal agency authorized to administer federal law, and the interpretation of EMTALA at the foundation of this case first appeared in guidance issued by the U.S. Department of Health and Human Services. Dkt. 111, at 7.

For its part, the Legislature sees the major questions doctrine as a fatal flaw undermining the government's assertion that EMTALA preempts Idaho law. But where the Legislature puts a high priority on that argument, see Dkt. 97-1, at 10–11, the AGO reduces it to a footnote. Dkt. 101-1, at 3 n.1. And even though the footnote incorporates the Legislature's argument, the widely

differing priority given to what could be a conclusive objection to the United States' case illustrates again why the AGO does not represent the Legislature's interests adequately.

Finally, the "risk of turning this case into the 'nine-headed Hydra' the Court feared in its prior order" is no reason to deny intervention. Op. at 9. Rule 24(a)(2) authorizes intervention as of right when a movant shows that its interests are inadequately represented by existing parties. The Legislature has done that. An extratextual concern with administrative convenience is no reason to deny intervention. A party opposing intervention raised that very issue in Berger, and the Court brushed it aside. "Whatever additional burdens adding the legislative leaders to this case may pose, those burdens fall well within the bounds of everyday case management." 142 S. Ct. at 2206. So too, here.

## CONCLUSION

For these reasons, the Legislature respectfully asks this Court to grant its Renewed Motion to Intervene.

Dated this 27th day of October, 2022.

MORRIS BOWER & HAWS PLLC


By:   /s/ Daniel W. Bower
      Daniel W. Bower


 /s/ Monte Neil Stewart
Monte Neil Stewart

*Attorneys for Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

BRIAN DAVID NETTER
DOJ-Civ
Civil Division
brian.netter@usdoj.gov

DANIEL SCHWEI
DOJ-Civ
Federal Programs Branch
daniel.s.schwei@usdoj.gov

JULIE STRAUS HARRIS
DOJ-Civ Civil Division,
Federal Programs Branch
julie.strausharris@usdoj.gov

LISA NEWMAN
DOJ-Civ Civil Division,
Federal Programs Branch
lisa.n.newman@usdoj.gov

ANNA LYNN DEFFEBACH
DOJ-Civ
Civil Division,
Federal Programs Branch
anna.l.deffebach@usdoj.gov

CHRISTOPHER A. EISWERTH
DOJ-Civ
Federal Programs Branch
christopher.a.eiswerth@usdoj.gov

EMILY NESTLER DOJ-Civ
emily.b.nestler@usdoj.gov

*Attorneys for Plaintiff United States of America*

Brian V Church
Clay R. Smith
Dayton Patrick Reed
Ingrid C Batey
Megan Ann Larrondo
Steven Lamar Olsen
Alan Wayne Foutz
Office of the Attorney General
brian.church@ag.idaho.gov
crsmith73@outlook.com
dayton.reed@ag.idaho.gov
ingrid.batey@ag.idaho.gov
megan.larrondo@ag.idaho.gov
steven.olsen@ag.idaho.gov
alan.foutz@ag.idaho.gov

JOAN E. CALLAHAN
NAYLOR & HALES, P.C.
Special Deputy Attorney General
jec@naylorhales.com

*Attorneys for Defendant*

JAY ALAN SEKULOW
sekulow@aclj.org
JORDAN A. SEKULOW
jordansekulow@aclj.org
STUART J. ROTH
Stuartroth1@gmail.com
OLIVIA F. SUMMERS
osummers@aclj.org
LAURA B. HERNANDEZ
lhernandez@aclj.org

*Attorneys for Amicus Curiae
American Center for Law & Justice*

9

LAURA ETLINGER
New York State Office
of the Attorney General
laura.etlinger@ag.ny.gov

*Attorney for Amici States*
*California, New York, Colorado, Connecticut,*
*Delaware, Hawaii, Illinois, Maine, Maryland,*
*Massachusetts, Michigan, Minnesota,*
*Nevada, New Jersey, New Mexico, North*
*Carolina, Oregon, Pennsylvania, Rhode*
*Island, Washington, and Washington, D.C.*

THOMAS MOLNAR FISHER
Office of IN Attorney General
Solicitor General
tom.fisher@atg.in.gov

*Attorney for Amici States*
*Indiana, Alabama, Arkansas, Kentucky,*
*Louisiana, Mississippi, Montana, North*
*Dakota, Oklahoma, South Carolina, South*
*Dakota, Tennessee, Texas, Utah, West*
*Virginia, Wyoming, Nebraska*

WENDY OLSON
Stoel Rives LLP
wendy.olson@stoel.com

JACOB M. ROTH
AMANDA K. RICE
CHARLOTTE H. TAYLOR
Jones Day
jroth@jonesday.com
arice@jonesday.com
ctaylor@jonesday.com

*Attorneys for Amici Curiae*
*The American Hospital Association and the*
*Association of American Medical Colleges*

SHANNON ROSE SELDEN
ADAM B. AUKLAND-PECK
LEAH S. MARTIN
Debevoise & Plimpton LLP
srselden@debevoise.com
Aaukland-peck@debevoise.com
lmartin@debevoise.com

JEFFREY B. DUBNER
JOHN LEWIS
MAHER MAHMOOD
Democracy Forward
jdubner@democracyforward.org
jlewis@democracyforward.org
mmahmood@democracyforward.org

*Attorneys for Amici Curiae American College*
*of Emergency Physicians; Idaho Chapter of*
*the American College of Emergency*
*Physicians; American College of Obstetricians*
*and Gynecologists; Society for Maternal-Fetal*
*Medicine; National Medical Association;*
*National Hispanic Medical Association;*
*American Academy of Pediatrics; American*
*Academy of Family Physicians; American*
*Public Health Association; and American*
*Medical Association*

*/s/ Daniel W. Bower*
Daniel W. Bower