# M B & H
## MORRIS BOWER & HAWS PLLC

**1305 12th Avenue Rd.**
**Nampa, Idaho 83686**
Tel: (208) 345-3333 | Fax: (208) 345-4461

Daniel W. Bower
dbower@morrisbowerhaws.com

November 17, 2022

**Sent via ECF**

The Honorable B. Lynn Winmill
United States District Court Judge

**Re:** *United States v. State of Idaho*; Case No. 1:22-cv-329
Letter Brief of Intervenor-Defendant Idaho Legislature

Dear Judge Winmill:

The Speaker of the Idaho House of Representatives Scott Bedke, Idaho Senate President Pro Tempore Chuck Winder, and the Sixty-Sixth Idaho Legislature (Legislature) respectfully request that this Court rule now on two pending motions: Idaho Legislature's Motion for Reconsideration of Order Granting Preliminary Injunction, Dkt. 97 (Sep. 7, 2022) and Idaho Legislature's Renewed Motion to Intervene, Dkt. 105 (Oct. 4, 2022). The reasons for ruling now are compelling.

Chiefly this case centers on the validity of Idaho Code § 18-622. Section 622 was designed to come into effect 30 days after the United States Supreme Court's judgment in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). That triggering provision was widely known at the time. Yet the United States (Government) dallied more than six weeks after *Dobbs* was decided before filing its Motion for Preliminary Injunction, Dkt. 17 (Aug. 8, 2022)[1] and then insisted on expedited briefing, hearing, and decision. Those demands received the Court's approval at every turn. *E.g.*, Dkts. 22, 27, 28, 73, 75, 95. Accordingly, the Court issued its Memorandum Decision and Order granting the preliminary injunction, Dkt. 95, on August 24, 2022, only 17 days after the Government's motion and six days after the last party brief.

The Legislature quickly responded by filing its Motion for Reconsideration on September 7, 2022. But with its desired preliminary injunction in hand, the Government assumed a more deliberate—one might even say leisurely—approach. *E.g.,* Dkt. 99; *accord* Dkt. 100 (Attorney General's Office's corresponding approach). Again, the Court saw

---

[1] *See* Memorandum Decision and Order, Dkt. 27 ("[T]he Court notes that any prejudice to the United States stemming from the briefing schedule is largely of the United States' own making. It chose to delay filing this case and its motion for preliminary injunction for over six weeks after the Supreme Court issued the *Dobbs* decision.").

things the Government's way. Dkt. 102. Briefing on the Motion for Reconsideration concluded on October 26, 2022. Dkts. 111, 112. That was 22 days ago.

Please compare the pace of motions practice culminating in the preliminary injunction with the pace since then:

*Government's motion on preliminary injunction*

- Days from filing to ruling: 17
- Days from completion of briefing to ruling: 6

*The Legislature's motion on preliminary injunction*

- Days from filing to ruling: 71 and counting
- Days from completion of briefing to ruling: 22 and counting

Similar delays are withholding a resolution of the Idaho Legislature's Renewed Motion to Intervene. Forty-four days have elapsed since that Motion was filed, with no ruling yet.

As to the considerations for ruling now, of paramount importance is the nature of Idaho's interests implicated and harmed by the ongoing effect of the preliminary injunction. Every day that passes with a preliminary injunction blocking full operation of section 622 inflicts irreparable harm on the State of Idaho and its people. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury."). The harms imposed by the preliminary injunction here are especially grave. Section 622 is no ordinary statute; it embodies the considered judgment of elected officials concerning Idaho's appropriate regulation of abortion—a matter of profound importance to the people of Idaho. Halting its full operation should occur (if at all) only after all reasonable arguments to the contrary have been fully and fairly considered.

With respect to the timing of a ruling, the question is not whether the Court agrees with the motion for reconsideration and what that motion teaches about Idaho's interests. The question is whether Idaho in fairness ought to have the motion resolved now. When the Government came before the Court asserting federal interests and asking for virtually immediate ruling, the Court complied. The Legislature asks for the same treatment.

The timing of the Court's rulings on the two pending motions also implicates the Legislature's rights and interests relative to appellate review. Congress by statute and the courts by decisions have given the Legislature the right to immediate interlocutory appellate review of adverse rulings on both the preliminary injunction and the intervention matters.[2] Delay in ruling on the two pending motions thus operates to frustrate on a day-by-day basis that right. And importantly for appellate review purposes, the two motions

---

[2] *See* 28 U.S.C. § 1291(a) (injunctions); *United States v. City of Oakland*, 958 F.2d 300, (9th Cir. 1992) ("the denial [of a motion to intervene] must be appealed on an interlocutory basis").

are inextricably interwoven, as demonstrated by the Government's own position. It has asserted here, and presumably will attempt to do so on appellate review, that the Legislature's present limited intervention status precludes it from making a full and robust challenge to the preliminary injunction.[3] Accordingly and as a practical matter, delay on one motion is the same as delay on both motions, and that delay operates to infringe on the Legislature's undoubted legal right to immediate appellate review of the Court's adverse decisions—decisions fairly seen by the Legislature as implicating Idaho's profound interests and the Legislature's responsibilities.[4]

    For all these reasons, the Legislature respectfully asks the Court to issue decisions on the pending Motion for Reconsideration and Renewed Motion to Intervene.

    Respectfully submitted,

    /s/ Daniel W. Bower
    Daniel W. Bower


    /s/ Monte Neil Stewart
    Monte Neil Stewart
    *Attorneys for Intervenor-Defendants*

---

[3] Government's Opposition to Motion for Reconsideration at 5–6, Dkt. 106 ("The Legislature has exceeded the scope of its permitted intervention.").

[4] Idaho Code § 67-465 (authorizing "either or both houses of the legislature" to intervene "as a matter of right" in any case "challeng[ing] in state or federal court the constitutionality of an Idaho statute" or contending that "an Idaho statute [is] … preempted by federal law").