Daniel W. Bower, ISB #7204
MORRIS BOWER & HAWS PLLC
1305 12th Ave. Rd.
Nampa, Idaho 83686
Telephone: (208) 345-3333
Facsimile: (208) 345-4461
dbower@morrisbowerhaws.com

Monte Neil Stewart, ISB #8129
11000 Cherwell Court
Las Vegas, Nevada 89144
monteneilstewart@gmail.com

*Attorneys for Defendant-Intervenor Idaho Legislature*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF IDAHO,<br><br>Defendant. | Case No. 1:22-cv-00329-BLW<br><br>**THE LEGISLATURE'S JOINDER IN THE STATE OF IDAHO'S REQUEST FOR PERMISSION TO FILE SUPPLEMENTAL BRIEFING, DKT. # 119, AND MOTION TO STAY ISSUANCE OF A DECISION, DKT. # 120** |

      The Speaker of the Idaho House of Representatives Scott Bedke, Idaho Senate President Pro Tempore Chuck Winder, and the Sixty-Sixth Idaho Legislature (collectively "Legislature") hereby join in the "State of Idaho's Request for Permission to File Supplemental Briefing," Dkt. #119, and "State of Idaho's Motion to Stay Issuance of a Decision," Dkt. #120, filed on January 13, 2023, and submit as supplemental authority the opinion of the Idaho Supreme Court in

1

*Planned Parenthood Great Northwest v. State*, No. 49615, 2023 WL 110626 (Idaho Jan. 5, 2023) ("Opinion"), attached as Exhibit 1. The Opinion is relevant to the Legislature's pending Motion for Reconsideration of Order Granting Preliminary Injunction, Dkt. 97, for three reasons.

*First*, the Opinion puts to rest a basic misunderstanding of Idaho law that has plagued this case. The United States ("Government") has insisted on interpreting Idaho Code § 18-622 to mean that terminating an ectopic pregnancy is a "criminal abortion." *E.g.,* Gov't Memo. in Supp. of Prel. Inj., Dkt. 17-1, at 2, 9, 18; Gov't Reply Memo. in Supp. Of Prel. Inj., Dkt. 86, at 8-10, 15-16; Consol. Opp. to Motions for Reconsideration, Dkt. 106, at 18. Not only that, but the Government's declarants *materially* premised their opinions on this same erroneous reading of Section 622. *E.g.,* Declaration of Lee A. Fleisher, M.D., Dkt. 17-3, at ¶¶ 13, 14, 26, 32, 36, 37[1]; Declaration of Dr. Emily Corrigan, Dkt. 17-6, at ¶¶ 31–33, 35; Declaration of Kylie Cooper, M.D., Dkt. 17-7, at section entitled "Idaho Code 18-622 and the impact on patients and providers," ¶¶ 4

---

[1] Here is a representative paragraph from Dr. Fleisher's declaration exemplifying how thoroughly the Government's declarants rely on an erroneous interpretation of Section 622 for their medical opinions:

> Even though a physician at a hospital where EMTALA applies could conclude that this treatment is required for an ectopic pregnancy, particularly one involving a fallopian tube, Idaho law prohibits this treatment. Idaho's definition of abortion would include both the medical and surgical treatment described in ¶ 13, because both cause embryonic or fetal demise in a clinically diagnosable pregnancy. This treatment would be prohibited by Idaho law even though an ectopic pregnancy has no chance of maturing into a viable child. Additionally, despite the extremely serious risks posed by an ectopic pregnancy, particularly in a fallopian tube, and the inevitability of a rupture, which are apparent at the time when treatment is required to address those risks, a physician may not be able to establish or know, with certainty, that termination of the pregnancy is 'necessary to prevent the death of the woman.' However, that does not change the fact that the patient's condition will very likely deteriorate without the necessary treatment, and that failure to provide the necessary treatment will seriously jeopardize the patient's health and or life in the ponrocess.

Declaration of Lee A. Fleisher, M.D., Dkt. 17-3, at ¶ 14.

*et seq*.; Declaration of Stacy T. Seyb, M.D., Dkt. 17-8, at section entitled "Idaho Code 18-622 and the impact on patients and providers," ¶¶ 4 *et seq*.; Second Declaration of Lee A. Fleisher, M.D., Dkt. 86-2, at ¶¶ 3 *et seq*. (attempting to refute the testimony of the Legislature's declarants based on their *correct* interpretation of Section 622); Second Declaration of Dr. Emily Corrigan, Dkt. 86-3, at *passim* (same); Declaration of Dr. Amelia Huntsberger, Dkt. 86-4, at ¶¶ 9, 10 (giving her erroneous reading of Section 622 to refute Dr. Tammy Reynolds's *correct* reading), 11, 12, 13, 16; Second Declaration of Kylie Cooper, M.D., Dkt. 86-5, at ¶ 7 (giving her erroneous reading of Section 622 to refute Dr. Tammy Reynolds's *correct* reading).

The Legislature and its declarants tried to correct this misunderstanding by explaining that Section 622 did not cover ectopic pregnancies. *E.g.,* Legislature's Reply re Intervention, Dkt. 25, at 2 ("Ectopic 'pregnancies' fall *outside* the 622 Statute's prohibition. That is the Legislature's clear understanding and intent, one shared by the executive branch.")(emphasis in original); Idaho Legislature's Brief in Opposition to the Government's Motion for Preliminary Injunction, Dkt 65, at 3, 6–7; Declaration of Tammy Reynolds, M.D., Dkt. 71-1, at ¶ 12; Declaration of Richard Scott French, M.D., Dkt. 71-5, at ¶¶ 17–20.

Yet this Court was not satisfied with the Legislature's clear reading of its own statute and pushed for an interpretation more in harmony with the Government's position. During the hearing on the preliminary injunction, this Court asked Deputy Attorney General Brian Church his opinion, and he opined that Section 622 covered medical procedures terminating ectopic pregnancies. *See* Tr. Proceedings, Aug. 22, 2022, Dkt. 96, at 24:24–25:4  (opining that "if you end that [ecotopic] pregnancy through an abortion … that that would be an abortion") (punctuation altered). Counsel for the Legislature strenuously disputed that interpretation. *Id.* at 66:17–19 ("An ectopic pregnancy is not an abortion. Why? Because it will never result in a live birth ….").

This Court accepted Mr. Church's—and the Government's and the Government declarants'—erroneous reading of the statute. *United States v. Idaho*, Case No. 1:22-cv-00329-BLW, 2022 WL 3692618, at *3 (D. Idaho Aug. 24, 2022) ("[D]uring oral argument, the State conceded that the procedure necessary to terminate an ectopic pregnancy is a criminal act."). Based on this concession, and its own reading of Section 622, this Court concluded that "termination of an ectopic pregnancy falls within the [statutory] definition of an 'abortion.'" *Id.* at *9.

Now, however, the Idaho Supreme Court has said otherwise. Its Opinion—binding as to the meaning of Idaho law—conclusively holds that "ectopic and non-viable pregnancies do not fall within the Total Abortion Ban's [Section 622's] definition of 'abortion.'" *Planned Parenthood Great*, 2023 WL 110626, at *7. Here is the Idaho Supreme Court's meticulous explanation:

> The Total Abortion Ban only prohibits "abortion[s] as defined in [Title 18, Chapter 6]," I.C. § 18-622(2)—and ectopic and non-viable pregnancies do not fall within that definition. For purposes of the Total Abortion Ban, the only type of "pregnancy" that counts for purposes of prohibited "abortions" are those where the fetus is "developing[.]" *See* I.C. §§ 18-622(2), -604(11) (defining "pregnancy" as "the reproductive condition of having a *developing fetus in the body* and commences with fertilization." (emphasis added)). In the case of ectopic pregnancies, any "possible infirmity for vagueness" over whether a fetus could properly be deemed a "developing fetus" (when the fallopian tube, ovary, or abdominal cavity it implanted in *necessarily cannot support its growth*) can be resolved through a "limiting judicial construction, consistent with the apparent legislative intent[.]" *See Cobb*, 132 Idaho at 198–99, 969 P.2d at 247–48.
>
> Consistent with the legislature's goal of protecting prenatal fetal life at all stages of development where there is *some* chance of survival outside the womb, we conclude a "developing fetus" under the definition of "pregnancy" in Idaho Code section 18-604(11), does not contemplate ectopic pregnancies. Thus, treating an ectopic pregnancy, by removing the fetus is plainly not within the definition of "abortion" as criminally prohibited by the Total Abortion Ban (I.C. § 18-622(2)). In addition, because a fetus must be "developing" to fall under the definition of "pregnancy" in Idaho Code section 18-604(11), non-viable pregnancies (i.e., where the unborn child is no longer developing) are plainly not within the definition of "abortion" as criminalized by the Total Abortion Ban (I.C. § 18-622(2)).

*Id.* at *59.

This definitive interpretation of Idaho law by our State's highest court is reason enough to reconsider and withdraw the preliminary injunction that has partially[2] blocked enforcement of Section 622 since August. And there are other reasons for doing so too.

*Second*, the Opinion rejects every state constitutional challenge leveled against Section 622. In so ruling, the Idaho Supreme Court looked to the United States Supreme Court's watershed decision in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). Writing for the Idaho Supreme Court, Justice Brody quoted *Dobbs*'s declaration that "[t]he [United States] Constitution does nor prohibit the citizens of each State from regulating or prohibiting abortion." *Planned Parenthood*, 2023 WL 110626, at *8 (quoting 142 S. Ct. at 2284). She added, as *Dobbs* explained, that the High Court thus "return[ed] that authority to the people and their elected representatives." *Id.* (quoting 142 S. Ct. at 2284). This principle of self-government in a federal republic makes all the difference: "The point being, as the Supreme Court recognized in *Dobbs*, is that each state is different. Thus, whether a state's constitution recognizes abortion as a fundamental right will differ from state to state, based on the language of each state's respective constitution and their respective traditions, statutes, and precedent." *Id.* at *46. Idaho remains free to govern abortion through regular republican processes. "If the people of Idaho are dissatisfied with the policy choices the legislature has made or wish to enshrine a fundamental right to abortion

---

[2] "Partially" is the right word. Although many speak of the preliminary injunction as blocking the enforcement of Section 622, that injunction's actual scope and impact are not large in terms of people affected. The injunction applies *only* to abortions performed in medical emergencies in the emergency rooms of Idaho hospitals receiving Medicare funding. Our analysis suggests that such abortions amount to less than 2% of all Idaho abortions pre-*Dobbs*. Having said that, the erroneously entered preliminary injunction nevertheless constitutes a large affront to principles of our federalism and to Idaho's sovereignty. *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.").

in the Idaho Constitution, they can make these choices for themselves through the ballot box." *Id.* at *51.

*Dobbs*—and its basic trust in the American people—stands as an obstacle to the Administration's policy of protecting "reproductive rights," a euphemism for the Government's attempt to preserve the arbitrary and lawless *Roe/Casey* regime. *See, e.g., Protecting Access to Reproductive Healthcare Services*, Executive Order 14076, 87 Fed. Reg. 42053, 42053 (July 13, 2022) ("It remains the policy of my Administration to support a woman's right to choose and to protect and defend reproductive rights."). This civil action is the pursuit of that extra-legal[3] policy through high-stakes litigation.

But as the Legislature's prior briefing shows, the Government's attempt to execute an end-run around *Dobbs* contains fatal flaws. *See* Idaho Legislature's Brief in Support of Motion for Reconsideration of Order Granting Preliminary Injunction, Dkt. 97-1, at 10–11 (the Government policy's collision with the Major Questions Doctrine); *id.* at 11–12 (the Government's erroneous reliance on a non-existent right of action under the Supremacy Clause); *id.* at 15–16 (the Government's wrongful abridgment of Idaho's reserved powers under the Tenth Amendment). By placing heavy reliance on *Dobbs*, the Opinion indirectly highlights the *federal* constitutional errors that bedevil the Government's attempt here to perpetuate federal judicial control of state abortion laws like Section 622.

*Third*, the Opinion demonstrates that this Court has delayed ruling on the Legislature's pending Motion for Reconsideration long enough. Perhaps this Court postponed action on the off-chance that the Idaho Supreme Court would moot this civil action by invalidating Section 622 as a matter of Idaho law. The opposite has now happened. The Idaho Supreme Court has repudiated

---

[3] *See, e.g., Texas v. Becerra*, No. 5:22-CV-185-H, 2022 WL 3639525 (N.D. Tex. Aug. 23, 2022).

every legal and constitutional objection to Section 622. Section 622 now stands fully vindicated under Idaho law. Further delay in deciding the Legislature's Motion serves no purpose except to unduly prolong this litigation and deny the Legislature a fair opportunity to carry its objections to the Ninth Circuit for appellate review. *See* Legislature's Letter-Brief of November 17, 2022 Requesting Ruling, Dkt. 115. Given the Opinion's unqualified affirmation of Section 622's validity under Idaho law, we again urge the Court to rule on the Motion now.

Dated this 13th day of January, 2023.

                                  MORRIS BOWER & HAWS PLLC

                                  By:  */s/ Daniel W. Bower*
                                         Daniel W. Bower

                                     */s/ Monte Neil Stewart*
                                    Monte Neil Stewart

                                    *Attorneys for Proposed Intervenors-Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | | |
|---|---|---|
| Brian David Netter<br>DOJ-Civ<br>Civil Division<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530<br><br>*Attorneys for Plaintiff* | ☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Facsimile:<br>ECF Email: brian.netter@usdoj.gov |
| Daniel Schwei<br>DOJ-Civ<br>Federal Programs Branch<br>1100 L Street, N.W., Ste. 11532<br>Washington, D.C. 20530<br><br>*Attorneys for Plaintiff* | ☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Facsimile:<br>ECF Email: daniel.s.schwei@usdoj.gov |
| Julie Straus Harris<br>DOJ-Civ<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, D.C. 20530<br><br>*Attorneys for Plaintiff* | ☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Facsimile:<br>ECF Email: julie.strausharris@usdoj.gov |
| Lisa Newman<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br><br>*Attorneys for Plaintiff* | ☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Facsimile:<br>ECF Email: lisa.n.newman@usdoj.gov |
| Anna Lynn Deffebach<br>DOJ-Civ<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W., Ste. 12104<br>Washington, D.C. 20005<br><br>*Attorneys for Plaintiff* | ☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Facsimile:<br>ECF Email: anna.l.deffebach@usdoj.gov |

| | |
|---|---|
| Christopher A. Eiswerth<br>DOJ-Civ<br>Federal Programs Branch<br>1100 L Street, N.W., Ste. 12310<br>Washington, D.C. 20005 | ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Facsimile:<br>☒ ECF Email:<br>christopher.a.eiswerth@usdoj.gov |

*Attorneys for Plaintiff*

| | |
|---|---|
| Emily Nestler<br>DOJ-Civ<br>1100 L Street<br>Washington, D.C. 20005 | ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Facsimile:<br>☒ ECF Email: emily.b.nestler@usdoj.gov |

*Attorneys for Plaintiff*

| | |
|---|---|
| Raul Labrador<br>Attorney General<br>David Dewhirst<br>Chief Deputy Attorney General<br>Theo Wold<br>Solicitor General<br>954 W. Jefferson Street, 2nd Floor<br>P.O. Box 83720<br>Boise, ID 83720-0010 | ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Facsimile: (208) 334-2400<br>☒ ECF Email:  steven.olsen@ag.idaho.gov<br>megan.larrondo@ag.idaho.gov<br>dayton.reed@ag.idaho.gov<br>ingrid.batey@ag.idaho.gov |

*Attorneys for Defendant*

                                            */s/ Daniel W. Bower*
                                            Daniel W. Bower