UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF IDAHO,<br><br>Defendant. | Case No. 1:22-cv-00329-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The United States of America filed this case against the State of Idaho on August 2, 2022, challenging Idaho Code § 18-622(2), which makes it a felony for anyone to perform or attempt to perform or assist with an abortion. The United States maintains that the law violates the Supremacy Clause and is preempted to the extent it is contrary to the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd. On August 24, 2022, the Court issued a decision granting the United States' motion for a preliminary injunction (Dkt. 95).

Prior to issuing the decision, the Court allowed the Idaho Legislature to permissively intervene on a limited basis to present argument and evidence in opposition to the United States' then-pending motion for preliminary injunction. *Memorandum Decision and Order, dated August 13, 2022*, p. 1, Dkt. 27

("Intervention Order"). In this same decision, the Court denied the Legislature's request to intervene as a matter of right. *Id.* This decision denying intervention as of right rested on the Court's determination that "the Legislature has failed to show that it brings a distinct state interest to bear on this litigation that the State cannot adequately represent." *Id.* at 12.

The Legislature now renews its request to intervene in this action as a matter of right, reprising its argument that the United States Supreme Court's decision in *Berger v. North Carolina State Conference of the NAACP*, 142 S. Ct. 2191 (2022) mandates its right to intervene. (Dkt. 27). The Legislature further argues that "the facts have developed [in this litigation] such that it is now abundantly clear that 'the State and Legislature's interests diverge,'" and therefore intervention of right is warranted. *Leg. Opening Br.*, p. 6, Dkt. 105-1. Both the Legislature and the State of Idaho ask the Court to reconsider its decision granting the United States' motion for preliminary injunction. Those motions remain pending.

With respect to the Legislature's renewed motion to intervene, nothing has transpired in this litigation to cause the Court to reconsider its prior decision denying the Legislature's request to intervene as a matter of right. To the contrary, the facts as they have developed only serve to underscore that the Legislature and the State's interests overlap fully such that the State will adequately represent the Legislature's interests. The Court will therefore deny the Legislature's renewed

MEMORANDUM DECISION AND ORDER - 2

motion to intervene as a matter of right.

## LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to intervene as of right under Rule 24(a). *Cooper v. Newsom*, 13 F.4th 857, 864 (9th Cir. 2021). An applicant for intervention as of right must satisfy four criteria under Rule 24(a)(2): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Animal Legal Def. Fund v. Otter*, 300 F.R.D. 461, 464 (D. Idaho 2014) (citing *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001)); *see also Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) (citing Fed. R. Civ. P. 24(a)(2)).

"In evaluating whether these requirements are met, courts are guided primarily by practical and equitable considerations." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022) (internal quotation marks and citation omitted). Although courts construe Rule 24(a) broadly in favor of proposed intervenors, *id.*, an applicant seeking intervention bears the burden of

proving that these requirements are met. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). Failure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

## ANALYSIS

Since the United States Supreme Court handed down its decision in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (June 24, 2022), overruling *Roe v. Wade*, 410 U.S. 113 (1973) and "triggering" the abortion ban in Idaho Code § 18-622(2), the State of Idaho has vigorously defended the law. As the Court noted in its prior decision on the Legislature's motion to intervene, Governor Brad Little "has consistently offered his full-throated support for *Roe's* overruling and for [Idaho Code § 18-622(2)]." *Intervention Order*, pp. 3-4, Dkt. 27. Governor Little lauded the *Dobbs* decision when it was issued, stating the decision was "the culmination of pro-life efforts to defend the defenseless – preborn babies who deserve protection," as well as an "affirmation of states' rights, a fundamental aspect of our American government." *Id.* He also commended Idaho for being at "the forefront of enacting new laws to protect preborn babies." *Id.*[1]

---

[1] *Gov. Little Comments on SOCUTS Overrule of Roe v. Wade*, dated June 24, 2022, https://gov.idaho.gov/pressrelease/gov-little-comments-on-scotus-overrule-of-roe-v-wade/ (last visited February 3, 2023).

**MEMORANDUM DECISION AND ORDER - 4**

The Idaho Attorney General's office, which represents the State of Idaho in this matter, also fought for Roe's overruling and has consistently demonstrated its strong support for Idaho Code § 18-622(2) – both before the Idaho Supreme Court and here in federal court. In this litigation, the Attorney General's office, representing the State, has mounted a robust defense of the abortion ban – vigorously opposing the United States' motion for preliminary injunction in its briefs and in oral argument and now seeking to reverse this Court's ruling granting the injunction. Through its newly elected Attorney General, Raul Labrador, the State is even more vociferous in its defense of Idaho Code § 18-622(2). Attorney General Labrador has stated that he "will stand up to the bullies in D.C. and defend Idaho's duly enacted laws [intended to protect] the rights of the unborn."[2]

Yet, the Legislature continues to insist that the State of Idaho has interests in this lawsuit distinct from its own and that the State has not and will not adequately represent its interests. As evidence for this claim, it cites to "differing litigation aims and tactics" between it and the State. The Legislature stresses, however, that it is unnecessary to delve into these differences to justify its intervention because *Berger* holds "that federal courts should permit intervention as of right when a

---

[2] *Jones: Attorney General Candidates Disagree on Emergency Room Medical Care, dated August 28, 2022*, https://www.idahopress.com/opinion/columnists/jones-attorney-general-candidates-disagree-on-emergency-room-medical-care/article_125a6908-255e-11ed-99e1-9f8d869152ac.html (last visited February 3, 2023).

MEMORANDUM DECISION AND ORDER - 5

state applicant demonstrates that a state law expressly authorizes such intervention." *Leg. Opening Br.*, p. 5, Dkt. 105-1. But, respectfully, this overstates *Berger's* holding.

In *Berger*, the Supreme Court held "that a presumption of adequate representation is inappropriate when a duly authorized state agent seeks to intervene to defend a state law." *Berger*, 142 S. Ct. at 2204. It did not say that a state agent should *always* be allowed to intervene in federal court when authorized by state law. Rather, the Court observed that the *Berger* litigation "illustrate[d] how divided state governments *sometimes* warrant participation by multiple state officials in federal court." *Id*. at 2205 (emphasis added). But, as explained in the Court's first intervention order, this case is not *Berger*.

Unlike in *Berger*, the Legislature here does not offer "to give voice to a different perspective." *Berger*, 142 S. Ct. as 2205 ("The legislative leaders seek to give voice to a different perspective."). Unlike in Berger, the State and the Legislature do not have differing "primary objectives." *Id*. ("[The legislative leaders'] 'primary objective' is not clarifying which law applies."). Unlike in *Berger*, the State is not "burdened by misgivings about the law's wisdom." *Id*. (The legislative leaders "are not burdened by misgivings about the law's wisdom."). Unlike in *Berger*, the State has no other focus or concerns in this litigation other than vigorously defending the abortion ban on the merits. *Id*. ("If

allowed to intervene, the legislative leaders say, they will focus on defending the law vigorously on the merits without an eye to crosscutting administrative concerns."). And, unlike in *Berger*, nothing about this case indicates that the State and the Legislature, as different branches of state government "may seek to vindicate different and valuable state interests." *Id.* ("And, they add, the differences between their interest and the Board's in this case demonstrate why state law empowers them to participate in litigation over the validity of state legislation—alive as it is to the possibility that different branches of government may seek to vindicate different and valuable state interests.").

This latter point is a key distinction between this case and *Berger*: this case does not involve a plaintiff who has chosen "to name this or that official defendant," thus failing to "capture all relevant state interests." *Berger*, 142 S. Ct. at 2203. Rather, the United States has sued the State of Idaho, and the State's interests, by definition, encompass the Legislature's interests. Under these circumstances, not allowing the Legislature to intervene does not "evince disrespect for a State's chosen means of diffusing its sovereign powers among various branches and officials." *Id.* at 2201. It does not "risk turning a deaf federal ear to voices the State has deemed crucial to understanding the full range of its interests." *Id.* It does not "encourage plaintiffs to make strategic choices to control which state agents they will face across the aisle in federal court." *Id.* It does not

MEMORANDUM DECISION AND ORDER - 7

"tempt litigants to select as their defendants those individual officials they consider most sympathetic to their cause or most inclined to settle favorably and quickly." *Id.* And it does not "risk a hobbled litigation rather than a full and fair adversarial testing of the State's interests and arguments." *Id.*

Simply put, both formally and functionally, this *is* the case where the interests of the existing party overlap fully with the interests of the proposed intervenor. The Court therefore stands by its original finding that the State has and will adequately represent the Legislature's interests in this litigation. *Cf. Berger*, 142 S. Ct. at 2205 ("At some point, too, it may be that the interests of existing parties will come to overlap fully with the interests of any remaining proposed intervenor."); *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), as amended (May 13, 2003) ("The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties.").

None of the procedural quibbles the Legislature identifies as proof of the State's inadequate representation – namely, the State's filing its motion to reconsider two weeks after the Legislature filed its motion, or the State's failing to object to the United States' request for a two-week extension to respond to the Legislature's motion to reconsider – change this conclusion. The Legislature argues that the State's "chosen briefing schedule and its concessions to the

MEMORANDUM DECISION AND ORDER - 8

government have put off a decision on the Legislature's Motion [to Reconsider] for months." *Leg. Reply*, p. 9, Dkt. 113. But this is simply not true.

First, as a matter of logic, it does not follow that a delay of two weeks translates to a delay "for months." Second, as a matter of fact, the Court can assure the Legislature that the State's supposed "delays in acting on the Legislature's Motion for Reconsideration" did not result in the Court's putting off its decision on the Legislature's Motion "for months"; other factors, primarily the fact this Court remains overburdened, caused this delay.[3] Finally, the Court notes the Legislature recently joined in the State's motion to stay the issuance of a decision on the motions to reconsider to allow for supplemental briefing – undercutting the Legislature's claims of "urgency" that differ so "sharply" with that of the State.

---

[3] Idaho is one of only three states with only two authorized judgeships. As noted in a recent press release issued by U.S. Senators Jim Risch and Mike Crap (both R-Idaho), Idaho faces a judicial emergency as a result:

> Since the second district judge was authorized in 1954, Idaho's population has grown substantially, and the court indicates that its caseload has increased exponentially. This leaves Idaho at a disadvantage compared to other similarly sized states. Since 2003, the Judicial Conference of the U.S. has consistently found Idaho to be facing a judicial emergency based on weighted caseload numbers per active judge and the lack of a third federal judgeship to balance caseloads. Idaho is in a precarious position with only two authorized federal judges, and faces further difficulties and shortages with current judges reaching retirement eligibility.

*Risch, Crapo Introduce Legislation to Grant Idaho a Third District Judge,*
https://www.risch.senate.gov/public/index.cfm/pressreleases?ID=DC7151E2-842D-4D9E-A029-EBEA6B4DBF40 (last visited February 3, 2023).

**MEMORANDUM DECISION AND ORDER - 9**

That the attorneys for the State and the Legislature may have slightly different litigation strategies also does not justify the Legislature's intervention as of right. For example, the Legislature complains that the State has prioritized different legal arguments than the Legislature. Such disagreements are "minor," however, and "reflect[] only a difference in strategy." *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996), as amended on denial of reh'g (May 30, 1996) (rejecting proposed intervenor's argument that existing parties could not adequately represent its interests because the existing parties favored the court's entry of a permanent injunction as it was appealable, and proposed intervenor disagreed). These minor disagreements do not demonstrate such a divergence of interests to justify the Legislature's intervention of right.

Because the Legislature has again failed to show that the State is inadequately representing its identical interest in defending Idaho's abortion ban, its renewed motion to intervene as a matter of right is denied. As the Court did allow the Legislature to permissively intervene to oppose the United States' motion for preliminary injunction, the Court will fully consider the Legislature's motion for reconsideration.

## ORDER

**IT IS ORDERED that** the Idaho Legislature's Renewed Motion to Intervene (Dkt. 105) is **DENIED**.


DATED: February 3, 2023

_____
B. Lynn Winmill
U.S. District Court Judgere