**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-35153 |
| Plaintiff-Appellee, | D.C. No. 1:22-cv-00329-BLW |
| v. | |
| STATE OF IDAHO, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| v. | |
| MIKE MOYLE, Speaker of the Idaho House of Representatives; CHUCK WINDER, President Pro Tempore of the Idaho Senate; THE SIXTY-SEVENTH IDAHO LEGISLATURE, Proposed Intevenor-Defendants, | |
| Movants-Appellants. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted April 4, 2024[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.

The Idaho Legislature appeals the district court's denial of its request to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) in the pending litigation between the United States and the State of Idaho. Because the parties are familiar with the facts, we do not repeat them here, except as necessary to provide context to our ruling.

1. We lack jurisdiction to review the district court's intervention ruling. While the denial of a motion to intervene is ordinarily appealable, it is not when the party was granted an opportunity to permissively intervene under Rule 24(b). *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377–78 (1987) (noting that "when an order prevents a putative intervenor from becoming a party in *any* respect, the order is subject to immediate review," but that review was unavailable because permissive intervention was granted and "CNA . . . was permitted to participate to the extent not duplicative of other parties.") (emphasis in original); *see also Prete v. Bradbury*, 438 F.3d 949, 959 n.14 (9th Cir. 2006) ("[T]he denial of a motion to intervene is a final order and is thus immediately appealable . . . . Yet the grant of a motion to intervene is not a final order and is not appealable until after final judgment.") (emphasis omitted).

The district court permitted the Idaho Legislature to participate in this case,

2

including by calling witnesses to the preliminary injunction hearing and providing extensive record evidence. Because this was not a situation where "the order den[ied] all intervention," the order is not final under 28 U.S.C. § 1291. *Stringfellow,* 480 U.S. at 378.

The Legislature argues that there is jurisdiction to hear this case, citing the Supreme Court's decision in *Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179, 200 (2022), in which the Court found North Carolina legislators entitled to intervene as a matter of right. But that case is inapposite. In *Berger*, the district court denied *both* permissive and mandatory intervention, and—unlike here—the intervening legislators sought to defend a law that the state officials charged with defending it had previously denounced. *Id. at* 186–87. Here, the district court denied the Legislature's motion to intervene because its interests and the interests of the State align: both seek to defend the Total Abortion Ban as constitutional. And, the district court granted the Legislature's motion to permissively intervene.

The more apt case is *Stringfellow*, 480 U.S. at 375. In that case, as in this one, a district court denied a non-party's motion to mandatorily intervene but granted its motion to permissively intervene. *Id*. at 378. The Supreme Court "refuse[d] to find that the grant of permissive intervention, even though subject to conditions, should be treated as a complete denial of the right to participate" for

3

purposes of §1291 and remanded the appeal for dismissal for want of jurisdiction. *Id.*; *see also Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 872 (1992) (noting that "restrictions on the rights of intervening parties . . . may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . . But if immediate appellate review were available every such time, Congress's final decision rule would end up a pretty puny one[.]")

Section 1291 was the only basis the Legislature cited in its statement of jurisdiction in its opening brief. Confronted with the government's jurisdictional argument, it now argues that we nonetheless have jurisdiction under the collateral order doctrine in its reply brief. But the Legislature forfeited that argument by not raising it in its opening brief, and even if it had, the argument is foreclosed by *Stringfellow*. *See Stringfellow*, 480 U.S. at 377.

**APPEAL DISMISSED.**